PROYOSTY, J.
At some time in the period of a few months during which the jitney business sprang up overnight and flourished in *959 this city the defendant acquired six automobiles and operated them as jitneys through chauffeurs whose services he paid for by allowing the chauffeur a .commission on the amount taken in by him during the day. When a city ordinance suppressed the jitney business defendant began utilizing his automobiles by renting them to chauffeurs who operated them for hire on. the streets. Shortly thereafter one of the rented cars struck plaintiff as she was crossing a street, and she seeks to hold defendant liable. The theory of her case is propounded in the syllabus of her learned counsel’s brief as follows:
“Where, by agreement, the chauffeur furnishes the gas and oil, and the owner furnishes the garage and upkeep, and the automobile is operated under the license and business name of the owner, as carrier of passengers, he is responsible for the damages caused by the negligence of the chauffeur while the auto is used in such business; nor will the owner absolve himself by receiving $4 per day from the chauffeur out of the proceeds of fares, instead of paying him a commission.”
The evidence does not show that the defendant furnished the “upkeep” of the leased automobile beyond delivering the car to the lessee in good order, and furnishing new tires and inner tubes every six or eight weeks when necessary; nor is it exactly true to say that the automobile was “operated under the business name” of defendant. All the evidence shows in that connection is that defendant had conducted his jitney business under thel name of Franklin Auto Company, and had then put his name on the automobiles, and had left it there after he had abandoned that business and begun renting the cars.
Under these circumstances,- the defendant is certainly not liable. The lessees were not his agents, but strictly his lessees. Defendant did not exercise any control over them in the use of the cars. They might have kept them idle if choosing so to do. They operated them for their own exclusive use and benefit. The law on this subject is stated in 18 R. C. L. 813, par. 267, as follows:
“Whether the owner of an automobile or other vehicle is liable for the damages which may result from the negligence of the person operating it depends upon the circumstances surrounding the transaction. If the vehicle is being used to further the owner’s interests and is under the control of a driver who is engaged by him, he will as a rule be held liable for injuries resulting from its negligent management on the highway. And so, if a father sends his son upon the highway to deliver a message, he thereby creates the relation of master and servant between himself and his son, and is liable on account of the son’s negligence in driving along the highway while engaged in the performance of the business of his father. But it is only while the employee is engaged in the employer’s business that the latter is liable for his acts. Hence, if the employer lends his vehicle to his employee to be used by the employee about his own affairs, the employer will not be liable. And a fortiori the owner is not liable for injuries done by the driving of his vehicle without his knowledge and consent. In a leading case it was shown to have been the duty of the defendants’ carman, after having delivered his masters’ goods for the day, -to return to their house, get the key of the stable, and put up their horse and cart in a mews in.an adjoining street. On his return one evening he got the key, but, instead of going to the mews, and without the defendants’ leave, he drove a fellow servant in an opposite direction, and on his way back injured the plaintiff by his negligent driving. The court held that the defendants were not liable. While the employer bears an added responsibility where he places dangerous instrumentalities under the control of his employee, an automobile is not inherently dangerous so that its mere use will render the owner .liable for accidents by the one handling it.”
The case is to be distinguished from that of Black v. Railroad Co., 125 La. 101, 51 South. 82, 26 L. R. A. (N. S.) 166, in that the persons in charge of the engine in that case were held to have been the agents of .the railroad company at the time of the accident. A case more nearly analogous is that of Jung v. New Orleans Ry. & Light Co., 145 La. 727, 82 South. 870, where one Bowie had succeeded to the business of the company and con *961 tinued it 'under the same name and in 'precisely the same manner, but for his own exclusive benefit; and the company was held not liable.
It may be well that we should add that no negligence is sought to be imputed to defendant otherwise than as above stated, and that we have not looked into the facts for ascertaining whether the chauffeur was at fault or not, as the suit is not against him.
The judgment appealed from, which rejected plaintiff’s demand, is affirmed at plaintiff’s cost.