## BARDT v. CHAMPON

---

(July 5, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Automobiles—Par. 6a.**

Mere ownership of an automobile does not make one legally liable for the damage it causes while being operated by another, who is not an agent or employee of the owner.

2. **Louisiana Digest—Automobiles—Par. 6a.—Master and Servant—Par. 164, 166. —Mandate—Par. 80.**

To make the owner legally liable for the damage occasioned by the negligent operation of his automobile, it must be shown that, at the time of the acci-

dent, it was operated by either the owner himself, or by his agent or employee, acting within the scope of the agency or employment.

Appeal from Civil District Court, Division "B". Hon. M. M. Boatner, Judge.

Action by Mrs. Frederick W. Bardt against George M. Champon.

There was judgment for plaintiff and defendant appealed.

Judgment amended and suit dismissed.

Geo. Piazza, of New Orleans, attorney for plaintiff, appellee.

Gordon Boswell, of New Orleans, attorney for defendant, appellant.

## OPINION

JONES, J.  Plaintiffs, husband and wife, sued defendant for twenty-three thousand ($23,000.00) dollars, composed of twenty-thousand five hundred ($20,500.00) dollars for the physical injuries, pain and suffering she sustained, and twenty-five hundred ($2500.00) dollars for the "discomfort, inconvenience and mental anguish" he suffered, because she was run down on January 17th, 1924, by defendant's automobile.

Defendant's exception of no cause of action as to the husband's demand was properly maintained.

See Kaufman vs. Clark, 141 La. 316, 75 South. 65.

Brinkman vs. St. Landry Cotton Oil Co., 118 La. 835, 43 South. 458.

Black vs. Carrollton R. R. Co., 10 La. Ann. 33.

Plaintiff alleges "that defendant's automobile, at the time of the accident, was in charge of his agent or employee, who was then and there acting under the instructions of defendant herein and within the usual scope of his employment".

Defendant's herein answer is a general denial supplemented as follows:

"Further answering the petition, respondent says that if petitioner, Mrs. Frederick W. Bardt, sustained any injuries at the time and place alleged in the petition, the same were not caused by nor did they result from the negligence or carelessness of respondent, his agent, employee, chauffeur, or anyone over whom respondent had or exercised any degree of control or supervision.

"Moreover, respondent is informed, and on said information avers, that on the occasion complained of his automobile was being used and operated by a person who had appropriated it to his own use, without the knowledge or consent of respondent."

On the issues thus joined, the case was tried before Judge Boatner and a jury, who rendered a verdict of non-suit. Plaintiff's motion for a new trial was argued, submitted and refused. Defendant has appealed suspensively from the verdict and judgment, and plaintiff has answered the appeal.

The record establishes that defendant's only connection with the accident was his bare ownership of the automobile, which fact was admitted in his answer.

The testimony of plaintiff and her several witnesses not only failed to show that the driver was an agent or employee of defendant, but affirmatively established that there was no relationship whatever between owner and driver.

The testimony of defendant and his witness shows that the car had been taken without defendant's permission or knowledge.

"To hold the owner liable for the damage done by an automobile in motion, it must be shown that it was operated at the time of the damage by the owner himself, or by someone under his control, or by his employee acting within the scope of his employment and for the benefit of the owner."

Smith vs. Rosengarten, No. 9265 Orl. App.

Glass vs. Wise & McAlpin, 155 La. 477, 99 South. 409.

"The owner is not liable for injuries done by the driving of his vehicle without his knowledge and consent." (Atkins vs. Points, 148 La. 958, 88 South. 231.)

For above reasons, the judgment is amended and it is now ordered, adjudged and decreed that plaintiff's suit be dismissed at her cost.