## ANDERSON v. CARRICK et al.

### No. 2162.

Court of Appeal of Louisiana. First Circuit.

Nov. 9, 1940.

Moise Thibodeaux, of Baton Rouge, for appellant.

Durrett & Hardin, of Baton Rouge, for appellees.

DORE, Judge.

This suit arises out of a collision at the intersection of Spain and 21st Streets in the City of Baton Rouge, between an automobile belonging to plaintiff, in which she was riding, but which was being driven by a Mr. Tompkins, and an automobile belonging to defendant, in which defendant was not an occupant and which was being driven by her daughter-in-law, Mrs. Hazel Carrick. The amount claimed is the sum of $109.30, as damages sustained to the plaintiff's automobile.

Plaintiff alleges that defendant's automobile was being driven, at the time of the accident, by Mrs. Hazel Carrick, defendant's daughter-in-law, as the agent, employee and under instructions of the defendant. The plaintiff further alleges that the said accident was due entirely and solely to the fault and negligence of the said Mrs. Hazel Carrick in that: (1) she was driving at an excessive speed; (2) she was not keeping a proper lookout and failed to see plaintiff's car in the intersection ahead of her; (3) she crashed into the right front and side of plaintiff's automobile; (4) she failed to stop or moderate her speed at such a dangerous intersection; and (5) she failed to have her automobile under control in view of such dangerous intersection.

The Home Insurance Company was joined as a defendant, but the suit as to it was dismissed on an exception of no right of action, it being shown that the policy did not cover public liability on defendant's automobile. No appeal has been taken from that ruling, and we are not concerned with that feature of the case.

The defendant, Mrs. Elizabeth Carrick, filed an answer in which she denied that Mrs. Hazel Carrick was driving her automobile as her agent, employee or under her instructions; in the alternative, she denied that Mrs. Hazel Carrick was guilty of any negligence; and, in the further alternative, alleged that the driver of plaintiff's car was guilty of contributory negligence: (1) in driving at an excessive speed; (2) in failing to keep a proper lookout; (3) in failing to give defendant's car the right of way; (4) and in failing to turn to his right and thereby avoiding defendant's car.

The defendant also assumed the position of plaintiff in reconvention, claiming damages to her car. This reconventional demand was abandoned before trial. This feature has also passed out of the case.

Upon trial, judgment was rendered in favor of defendant, dismissing plaintiff's suit. Plaintiff has appealed.

The first question which concerns us is whether or not there is responsibility on the part of defendant by virtue of Mrs. Hazel Carrick being the driver of the automobile.

The testimony of the defendant is that, at the time of the accident, and prior thereto, she was at her home suffering from a broken arm; that Mrs. Hazel Carrick, her daughter-in-law, requested her permission to use the automobile for a pleasure ride; that in giving such permission, she exacted no condition and had no knowledge of the mission of her daughter-in-law but that it would be for a pleasure ride on behalf of Mrs. Hazel Carrick; that she had no knowledge as to who was to acompany Mrs. Hazel Carrick. The testimony of Mrs.

Hazel Carrick and the other witnesses are to the same effect. This evidence is not contradicted.

There is evidence to the effect that a colored woman was acting as night nurse to defendant, and that this nurse was in the automobile at the time of the accident. It is on the theory that Mrs. Hazel Carrick was taking the nurse home or else taking the nurse for a ride at the request of defendant that liability is sought against the defendant, the owner of the car. The evidence, however, shows that this colored nurse went on the ride solely for her own pleasure, and not under instructions of defendant, defendant not even knowing that she was in the car; the colored nurse was not being transported to or from work.

█ It is now well settled in this State that the owner of an automobile is not liable for damages caused while his automobile is being operated by a third person with his knowledge and consent, unless he was present or the third person was his agent or servant, acting within the scope of his agency or employment. Atkins v. Points, 148 La. 958, 88 So. 231; Adams v. Golson, 187 La. 363, 174 So. 876.

█ The trial judge came to the conclusion that there was no liability on the part of defendant on the ground that the evidence shows that Mrs. Hazel Carrick was not the agent or employee of the defendant, nor was she driving the automobile on a mission for the defendant and under her instructions. We see no error in his conclusion and the judgment is therefore affirmed.