RAMONA HERNÁNDEZ MELÉNDEZ, ETC., Plaintiff and Appellee, *v.* JUAN DE JESÚS AND HARTFORD ACCIDENT & INDEMNITY Co., Defendants and Appellants.

No. 9910.   Argued April 22, 1949.—Decided May 20, 1949.

*Wilson P. Colberg* for appellants.   *E. Pérez Casalduc* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

For the purpose of the present appeal the essential facts of the instant case are as follows: On October 6, 1946, automobile P-2564 appeared registered in the name of Rafael Robles Figueroa in the Department of the Interior and was covered by an insurance policy issued by the Hartford Accident and Indemnity Co., pursuant to § 10 (a) of Act No. 279 of April 5, 1946 (Sess. Laws, pp. 598, 625). Said automobile had been sold three or four months before by Robles Figueroa to the defendant herein, Juan de Jesús de Jesús, without any transfer having been made at that time in the Department of the Interior in the name of the latter. At the date above mentioned De Jesús hired said automobile for the sum of $10 per day to Julio Candelaria Mestre, who was a duly authorized driver and who did not work as chauffeur of De Jesús. Candelaria Mestre made a trip from Santurce to Ciales for the purpose of baptizing his son. A lady named Pilar Vega, who was to be the godmother of the child, was the only person accompanying him. On their return trip, the automobile ran over the plaintiff Ramona Hernández Meléndez and caused her several injuries. At the time of the accident the vehicle was being driven by Candelaria Mestre and although Pilar Vega accompanied him, she was not a passenger for pay. Upon the institution of the present case and after a trial on the merits, the District Court of Arecibo rendered judgment sustaining the complaint and adjudging the defendants to pay to the plaintiff the sum of $800 as damages and $200 attorney's fees.[1]

From that judgment both defendants have appealed and in support of their appeal they contend that the lower court erred (1) in holding that the policy issued by the Hartford Accident and Indemnity Co. covered the vehicle in-

---

[1] In spite of the fact that the imposition of costs was mandatory, the lower court failed to state anything in this regard. *Colón* v. *Asociación Cooperativa Lafayette*, 67 P.R.R. 250.

volved in this action; (2) in holding that the defendants were liable for the acts committed by Julio Candelaria Mestre and (3) in holding that the insurance company was liable for the accident, in spite of the fact that Robles Figueroa and not Juan de Jesús appeared as owner of the vehicle in the Department of the Interior.

■■ The reversal of the judgment is imperative. Candelaria Mestre was at the time of the accident a mere lessee of the automobile he was driving.[2] Juan de Jesús, defendant herein, was the lessor of said automobile. And we have already held that when a motor vehicle is leased, the damages caused by it, while said vehicle is being driven by the lessee or by one of his agents, are not chargeable to the lessor. *Lugo* v. *Self Auto Corporation*, 51 P.R.R. 833. See also *Rodríguez* v. *Pérez*, 65 P.R.R. 644; *Rodríguez* v. *Great American Indemnity Co.*, 63 P.R.R. 582; *Casillas* v. *Rengel*, 51 P.R.R. 618.

In *Lugo* v. *Self Auto Corporation, supra,* we cited with approval, at page 840, the following paragraph of the case of *Atkins* v. *Points*, 88 So. 231:

"Where the owner rented motorcars to chauffeurs who paid him a stipulated sum per day, but used the cars for their own purposes, the owner is not responsible for injuries to a third person because of the negligence of a chauffeur; for, no relation of master and servant bringing into operation, the doctrine of respondeat superior existed."

In 5 Blashfield, Cyclopedia of Automobile Law and Practice, p. 35, § 2915, it is also stated, that as a general rule and in the absence of any statute to that effect, the owner of a motor vehicle is not liable for injuries to a stranger occurring from the negligence of the one to whom the machine has been loaned or hired, while it is in the possession of the borrower or hirer, and provided the accident occurs at the time the vehicle is not connected in any way

---

[2] We have found nothing in the Act prohibiting that a public service automobile be rented to a third person.

with the owner's business and is not under his control, citing numerous cases of different States of the American Union.

As the evidence showed that at the time of the accident involved herein the public car in question was being driven by Candelaria Mestre for a personal matter, which was not connected with De Jesús in any way, it is unavoidable to reach the conclusion, pursuant to the decisions above cited, that defendant De Jesús, in his capacity as lessor of the vehicle, is not liable for the damages. Since the owner of the vehicle which caused the accident was not liable, the codefendant company can not be liable either, even assuming, for the sake of argument, that the policy issued covered the accident caused by the automobile without the transfer of said automobile having been made in the Department of the Interior by the former owner in favor of De Jesús. *Bithorn* v. *Santana,* 68 P.R.R. 281.

■ The lower court based its judgment mainly in our decision in *Arvelo* v. *Rodríguez,* 69 P.R.R. 149. However, on May 17 of the current year, this Court delivered an opinion on reconsideration in that same case setting aside the decision rendered last year. In the new opinion, we reached the conclusion that a policy such as the one involved herein does not cover the risks which are not inherent or incidental to, the operation and use of a "public service automobile" within the meaning of that term in § 2(*h*) of Act No. 279 above cited. This also exempts the codefendant Hartford Accident and Indemnity Co. from liability.

In view of the foregoing conclusions, it is unnecessary to decide the third error assigned.

The judgment appealed from will be affirmed and the complaint sustained, with costs on the plaintiff.