162 So.2d 86 (1964)
Donald J. VILLARRUBIA
v.
Abraham W. ROY, Jr., and Grain Dealers Mutual Insurance Company.
No. 1340.
Court of Appeal of Louisiana, Fourth Circuit.
March 2, 1964.
Rehearing Denied April 6, 1964.
*87 Max Nathan, Jr., New Orleans, for plaintiff-appellant.
Montgomery, Barnett, Brown & Reed, Wood Brown, III, New Orleans, for defendants-appellees.
Before SAMUEL, HALL and TURNER, JJ.
SAMUEL, Judge.
This is an action for property damages resulting from a collision between plaintiff's automobile, which was being driven as a taxicab by a third party, Stallings Chaperon, and an automobile driven by the defendant, *88 Abraham W. Roy, Jr. The other defendant is Roy's liability insurance carrier. The trial court found negligence on the part of both drivers and rendered judgment in favor of the defendants, dismissing the suit. Plaintiff has appealed therefrom.
The accident occurred in the early afternoon in the parking area of the Fair Grounds Race Track in the City of New Orleans. There was an overcast and a light rain was falling. The area is shelled and unmarked. Cars were parked therein by track attendants in such a manner as to leave open lanes or roadways which are used for vehicular entrance and exit.
The plaintiff taxicab was proceeding at a speed of approximately 10 or 12 miles per hour on a roadway 14 to 16 feet wide. The defendant automobile was traveling at a speed of approximately 5 miles per hour on a roadway 8 to 10 feet in width. The two roadways intersected each other and the intersection was completely uncontrolled. Each driver intended to continue on his roadway and cross the one being used by the other driver. Because of the obstruction resulting from the close proximity of parked cars on both sides of each roadway the intersection was a blind one. Although he testified he could see "at an angle" 20 or 30 feet into the roadway he intended to cross, the defendant driver failed to see the taxicab until it was only 10 or 15 feet from his car. The plaintiff driver saw the other car for the first time when the impact occurred. Neither driver stopped for the intersection nor did either blow his horn or apply his brakes prior to the impact. The entrances of the two automobiles into the intersection occurred almost at the same time or for all practical purposes so close thereto they can be considered as simultaneous. The front of the taxicab struck the left front fender and side of the defendant car.
Appellant concedes that the finding by the trial court of joint and concurrent negligence on the part of both drivers is correct. But he contends that the negligence of Chaperon, the taxicab driver, cannot be imputed to the plaintiff and therefore plaintiff is entitled to a judgment in his favor. Defendants contend: (1) the collision was caused solely by the negligence of the driver of the taxicab and the defendant driver was without negligence; (2) alternatively, plaintiff and his driver were engaged in a joint venture and therefore the latter's contributory negligence must be imputed to plaintiff thus preventing a recovery; and (3) also alternatively and regardless of the exact relationship between plaintiff and his driver, an ordinance of the City of New Orleans making owners of automobiles used as taxicabs liable for injuries and damages caused by such use has the effect of requiring imputation of his driver's negligence to the plaintiff in this case.
Since the intersection of the two roadways was blind and completely uncontrolled and the weather conditions were such as to make driving more hazardous than usual, there was imposed upon both drivers a much greater than usual or ordinary degree of care. Yet both drivers failed to come to a stop before entering the intersection and failed to observe the approach of the other car. Neither blew his horn or applied his brakes prior to the impact. And neither saw the other car until the vehicles collided or immediately prior to the time of that collision. The drivers not only did not exercise the greater degree of care and caution required by the circumstances; they exercised practically no care or caution at all. We agree with the trial judge that both were guilty of joint and concurring negligence which proximately caused the collision.
At the time of the accident plaintiff's automobile was being operated as a taxicab by Chaperon under a contract whereby Chaperon paid plaintiff $7.00 per day and bore the expense of the gasoline used. The contract obligated plaintiff to pay for all maintenance, repairs and insurance, in fact all expenses except the gasoline and possibly (there is some confusion on this point *89 in the testimony) the oil used in the car. There was no sharing of profits or losses; plaintiff's total income from the cab was $7.00 per day regardless of how much the cab earned or failed to earn. Chaperon was free to use the automobile as a taxicab as he saw fit; he could use it as much or as little, or not at all, as he desired; he was simply obligated to pay the $7.00 per day. Plaintiff had no control over the cab while it was being operated by Chaperon. In addition, plaintiff was a member of an association, known as "Liberty Bell", composed of persons who owned automobiles used as taxicabs under contracts similar to the one now being considered. The association provided a radio dispatching service and assisted its members in furnishing required insurance. As a member of the association plaintiff held a certificate of public necessity and convenience issued to him by the City of New Orleans for the automobile, without which certificate it could not have been operated in the City of New Orleans as a taxicab (New Orleans City Code, 1956 § 12-90, M.C.S., Ord.No. 2250, § 1, 8-3-61).
Considering only the general law and disregarding for the moment the question of the effect of the city ordinance upon which defendants rely, there is no question but that the contributory negligence of the driver of a leased automobile under the exclusive control of the lessee cannot be imputed to the lessor to prevent the latter's recovery for damages. Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298; U-Drive-It-Car Co. v. Texas Pipe Line Co., 14 La. App. 524, 129 So. 565. Therefore, if the arrangement between plaintiff and the driver Chaperon was a lease and not a joint venture the negligence of Chaperon cannot be imputed to the plaintiff. We are of the opinion that these two parties were not engaged in a joint venture and that the contract between them was one of lease.
Joint ventures are similar to partnerships and generally are governed by the same rules and principles. One of the elements of a joint venture is a mutual participation in the profits. LSA-C.C. Arts. 2801, 2811; Little v. Haik, La.App., 154 So. 2d 507; McCann v. Todd, 203 La. 631, 14 So.2d 469; Daily States Pub. Co. v. Uhalt, 169 La. 893, 126 So. 228; 25 Tul.L.Rev. 382, 383, 387. In the case of Ault & Wiborg Co. of Canada v. Carson Carbon Co., 181 La. 681, 688, 160 So. 298, 300, the Supreme Court of Louisiana has defined joint venture as follows:
"The legal relation of joint adventure now widely recognized in judicial decisions results from the undertaking by two or more persons to combine their property or labor in the conduct of a particular line of trade or general business, for joint profits, creating the status of a partnership, although the facts do not show a formal partnership. While a joint adventure is not identical with a partnership, it is analogous to a partnership and is controlled largely by the principles or rules applicable to partnerships."
Under LSA-C.C. Article 2669 lease is a contract by which one party gives to the other the enjoyment of a thing at a fixed price. In the instant case the price was fixed at $7.00 per day, there was no sharing of profits or losses and plaintiff exercised no control over the automobile while it was being used by Chaperon. These facts are indicative of lease and not joint venture. We have a factual situation very similar to that in Atkins v. Points, 148 La. 958, 88 So. 231. That case involved the question of whether the contract between the owner of an automobile and a driver who used the car as a taxicab for hire was a contract of lease. The Supreme Court of Louisiana held the relationship of the parties to be that of lessor and lessee. Atkins is controlling here on the question of the relationship between the plaintiff and the driver of his automobile.
The ordinance upon which defendants rely is M.C.S., Ord. No. 1004, § 1, New Orleans *90 City Code, 1956, § 12-46, et seq. regulating taxicabs and other vehicles for hire in the City of New Orleans. The ordinance permits the rental of taxicabs to persons holding proper driver's permits by owners who hold certificates of public necessity and convenience, both such permits and certificates being issued by the City of New Orleans under the ordinance. It also makes such owners liable for injury and damage caused by the use or operation of taxicabs and requires the posting of personal injury and property damage liability coverage for each vehicle by the owner thereof. The provision particularly pertinent to the liability of the owner, reads as follows:
"Such persons to whom permits shall have been issued in accordance with the provisions of this article shall be liable and answerable in damages for all injury or damage whatsoever caused directly or indirectly by the use or operation of his taxicabs, for hire cars or other public passenger vehicles, whether, at the time of the injury or damage, such taxicabs, for hire cars or other public passenger vehicles were being used or operated by owner, agent, servant or employee or other persons not agents, servants, or employees of the owner, unless proof is shown that the vehicle was stolen." New Orleans City Code, 1956, § 12-153, M.C.S., Ord. No. 1004, § 1.
Defendants argue that, as the ordinance imputes the negligence of the driver of a taxicab to the owner of that cab when a third party seeks to recover damages from the owner, such imputation must apply also in the present factual situation where the owner seeks to recover damages from a third person. We do not agree with the argument. Insofar as the same refers to liability of the owner the ordinance has for its purpose the furnishing of financial protection for the public. Consistent with that purpose it does make the owner liable for injury and damage caused by the use of his vehicle as a taxicab, etc. and it does require the posting of security covering such liability. But it does not change, nor does it purport to change, the general law relative to imputation of negligence where the owner is seeking damages. The ordinance contains no reference whatsoever to the owner's right to recover for damages done to his own vehicle. The imposition of statutory liability to third persons does not have the effect of altering the fundamental law with regard to imputation of negligence for contributory negligence purposes. To hold that the ordinance does alter the fundamental law to that extent would require extending the ordinance beyond its purpose and intent. We hold that the contributory negligence of the driver Chaperon cannot be imputed to the plaintiff.
Plaintiff is therefore entitled to a judgment in his favor in the amount of $320.48, the stipulated cost of repairing the damages caused by the collision. We are of the opinion that the judgment must be limited to that amount even though plaintiff has also prayed for an additional $50.00 representing alleged loss of rentals at $7.00 per day for slightly over one week while the automobile was being repaired.
Plaintiff himself testified that Chaperon continued to pay the $7.00 rental for about three days after the accident. And Chaperon, who was plaintiff's witness, testified that he paid $7.00 per day for two and a half to three weeks after the accident for the purpose of assuring that the automobile would be rented to him after it had been repaired. The car was actually repaired in slightly more than one week after being placed in the shop for that purpose. It did take a total of five weeks to repair the car because plaintiff, as he testified, waited for estimates and for a successful conclusion to his negotiations with the defendant insurer.
Clearly it was plaintiff's responsibility to have his automobile repaired without undue delay so as to minimize his damages. He could and should have done this in a period of time shorter than the *91 period after the accident during which Chaperon testified he continued to pay the regular rental fee. As Chaperon was plaintiff's witness, plaintiff has failed to carry his burden of proving any loss of revenue.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of plaintiff, Donald J. Villarrubia, and against the defendants, Abraham W. Roy, Jr. and Grain Dealers Mutual Ins. Co., in solido, in the full sum of $320.48, together with legal interest thereon from date of judicial demand until paid; defendants to pay all costs.
Reversed and rendered.