306 So.2d 475 (1975)
Harry HOLLIER, Plaintiff and Appellant,
v.
Ethel M. GILDER, Defendant and Appellee.
No. 4823.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1975.
Davidson, Meaux, Onebane & Donohoe by V. Farley Sonnier, Lafayette, for plaintiff-appellant.
McBride & Brewster by Norman P. Foret, Lafayette, for defendant-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
CULPEPPER, Judge.
The plaintiff, Marry Hollier, filed this suit for damages arising out of a collision between a pickup truck driven by him and an automobile being driven by the defendant, Ethel M. Gilder. Defendant filed a reconventional demand for damages. Finding both parties negligent, the district judge dismissed plaintiff's suit and rejected defendant's reconventional demand. Only plaintiff appealed.
The sole issue is whether plaintiff was negligent.
The facts are that during hours of daylight plaintiff was traveling in an easterly direction on Hospital Drive in the city of Layfayette. This street has two opposing lanes of travel with an additional lane on each side for parking. Hollier stopped in *476 the parking lane on the south side, waiting to make a left turn into a private driveway on the north side of the street. After an oncoming vehicle passed, Hollier commenced his left turn. While his vehicle was in the east bound lane of travel, it was struck on the left side by the right front of the Gilder vehicle, which was proceeding in an easterly direction.
Plaintiff contends the accident was caused solely by the negligence of the defendant in failing to observe his left-hand turn signal, and in failing to yield the right of way to plaintiff as he turned left to enter the driveway. Defendant contends the sole cause of the accident was the negligence of plaintiff in turning left from the righthand parking lane across the east bound travel lane, without first ascertaining that the turn could be made in safety.
The evidence shows clearly that plaintiff commenced his left turn from the parking lane at a time when it was unsafe. Defendant's vehicle was approaching from the rear at a lawful speed in its own lane of travel and was too close for plaintiff to turn safely. Plaintiff says he looked to the rear before commencing his left turn, but did not see defendant's vehicle. Nevertheless, there is no question that defendant's vehicle was there, because it collided with plaintiff's vehicle before he could cross the east bound lane. Plaintiff should have seen defendant's vehicle approaching, and should not have commenced his left turn until defendant passed.
The law is clear that a left turn is extremely dangerous, and it is incumbent on a motorist attempting such a maneuver not only to signal his intention to do so, but to look for both oncoming and overtaking traffic and ascertain that the turn can be made with reasonable safety. Of course, such a motorist is required not only to look, but to see what he should have seen. See Scrantz v. Aetna Casualty & Surety Company, La.App., 281 So.2d 820 (1st Cir. 1973), and the authorities cited therein which construe LSA-R.S. 32:104, subd. A.
Under this rule, it is clear that the plaintiff in the present case was negligent. For even though he may have given a left turn signal and may have looked to his rear before commencing his turn, he failed to see defendant's vehicle which was too close for safety.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.