SARTAIN, Judge.
Plaintiff appeals from a judgment of the district court rejecting their claims for special damages arising out of an accident which occurred on April 3, 1974 at approximately 1:30 o’clock p. m. on Louisiana Highway 41 between Bogalusa and Pearl River, St. Tammany Parish, Louisiana. We affirm.
Louisiana Highway 41 near the scene of the accident runs in a generally north-south direction. It is a typical asphalt roadbed, twenty-four feet in width, with narrow shoulders. Near and north of the scene of the accident the highway takes a rather sharp, abrupt turn to the right. Plaintiff’s gravel truck was traveling in a southerly direction. Defendant’s pickup truck was entering Highway 41 from a private driveway located on its eastern side. Defendant was pulling a small trailer loaded with a tractor. Plaintiff’s driver, Walter Vaughn, testified that he was traveling in a southerly direction at a speed of approximately 55 m. p. h. and that as he reached a point to where he could see around the curve, he observed defendant’s pickup truck and trailer “halfway cross” the highway. He estimated that at this point the offending vehicle was approximately 75 feet from him. He immediately applied his brakes, steered his vehicle to the right in an effort to avoid the accident, but his truck eased off the road and eventually turned over in the ditch along the highway’s western boundary.
Defendant driver, Daniel G. Holcomb, testified that as he was in a private driveway on the eastern edge of the highway he looked first to his right (north) and then to his left (south) and again to his right and seeing no traffic he proceeded to enter the highway, crossed its northbound lane of travel, and turned to his left (south). As he was in the process of this turn he heard the horn from plaintiff’s vehicle and then felt a “jar.”
The left front of plaintiff’s vehicle came into slight contact with the right side of defendant’s vehicle near its right rear wheel.
Defendant’s vehicle after impact proceeded a short distance south on Highway 41 and stopped.
The only other eyewitness to the accident was Clarence Bennett. This witness was following Holcomb. He observed Holcomb enter Highway 41 and turn left. He also “heard” the approach of plaintiff’s gravel truck in the distance, and shortly thereafter the horn, skidding of tires, and the collision.
Trooper Patrick J. Canulette investigated the accident and placed the point of collision near the center line of Louisiana Highway 41.
There is a considerable difference of opinion between these witnesses as to the distance between a point on the curve north of the scene of the accident and the point of collision. As stated above, Vaughn testified that it was approximately 75 feet. On the other hand, Holcomb and Bennett testified that it was 315 feet. The trial judge accepted the figure of 315 feet. In his written reasons for judgment, he stated:
“The case appears fairly well summarized by Mr. Holcomb’s response to the question of whether he thought it would have been safer if he had someone flag traffic at the curve when he started out. He testified he guessed it would be safer, but he didn’t anticipate a truck ‘flying’ around the curve.
“The court reaches the same conclusion. It is apparent that when Vaughn got where he could see at all around the curve, Holcomb was in the road. By the time the gravel truck got to the point of impact with Holcomb, Holcomb was straight in the south bound lane. Consequently, it could only be concluded that Vaughn was traveling at a speed where he could not avoid an accident with a vehicle coming from the Singletary drive even though it had already left the drive. The court finds this was too fast under the circumstances as the court accepts the measurements given of 315 feet from the drive to the curve.”
On appeal plaintiff strenuously argues that there was no evidence that Vaughn *1135 was “flying” around the curve, as Holcomb never did see the approaching truck and Bennett only “heard” it.
We do not find that the conclusion reached by the trial judge is unreasonable nor that it is unsupported by the testimony. We are satisfied that the testimony relative to the distance of 315 feet is more accurate than the estimates of plaintiffs witnesses. Several other measurements placed in the record by plaintiffs witnesses appear on the face of the record to be in error.
All of these witnesses testified that the curve located north of the point of collision was a dangerous one. As a matter of fact there is a sign beyond the curve which indicates that a safe speed for this curve is 35 m. p. h. These signs are not placed along our highways for ornamental purposes. They are used to indicate reasonable speeds at which a curve is to be negotiated.
We do not mean to say that failure to adhere to this suggested speed is in itself negligence. Nonetheless, the existence of this sign together with Vaughn’s own admission that he was acquainted with the nature of the curve lends support to the trial judge’s conclusion that Vaughn was traveling at an excessive rate of speed under the circumstances.
R.S. 32:64A requires that no person shall drive a vehicle on the highways of this state at a speed greater than that which is reasonable and prudent, consistent with the traffic thereon, the highway surface, and the condition of the weather. In conformity with this statute our courts have consistently adhered to this statutory requirement.
We are well aware of those cases cited by appellant to the effect that a heavy duty is placed upon a motorist entering a highway from a private driveway and the statute of similar import. R.S. 32:124.
The question is whether or not the defendant driver discharged that duty. Implicit in the trial judge’s ruling is that he did. It is a fact question.
Equally true is the issue of whether plaintiff’s driver discharged the responsibility of maintaining a proper control over his vehicle under the circumstances. The trial judge ruled that he had not.
There is ample evidence in the rec0rd to support the conclusion reached by trjer of fact. Canter v. Koehring Co., 283 So.2d 716, (La.1973)
_ ,. the above reasons, the judgment of the distnct court 18 afñrmed at aPPellant 8 costs-
AFFIRMED.