401 So.2d 1259 (1981)
AGENCY RENT-A-CAR, INC.
v.
Joel J. HAMM, et al.
No. 14273.
Court of Appeal of Louisiana, First Circuit.
June 29, 1981.
Rehearing Denied August 25, 1981.
*1260 A. D. Barnes, Jr., New Orleans, for plaintiff-appellant Agency Rent-A-Car, Inc.
Tim A. Tullos, Baton Rouge, for defendant-appellant State Farm Mutual Automobile Ins. Co. and defendant-appellee Joel J. Hamm.
Harriet R. Campbell Young, New Orleans, for defendant-appellee Jill A. Lazare and Agency Rent-A-Car, Inc.
Before COVINGTON, CHIASSON and LEAR, JJ.
COVINGTON, Judge.
This is a devolutive appeal taken by both the plaintiff, Agency Rent-A-Car, Inc. and third party plaintiff, State Farm Automobile Insurance Company, from a judgment dismissing the demands of each.
This case arises from an automobile accident on October 12, 1978, involving vehicles driven by Jill A. Lazare and Joel J. Hamm. The record shows that Lazare was driving a 1977 Dodge automobile owned by Agency Rent-A-Car, Inc., with Agency's permission and consent and in accordance with the terms of a written rental agreement, containing an indemnity provision, between Lazare and Agency; Hamm was driving a 1969 Mercury automobile which was owned by him and insured by State Farm Mutual Automobile Insurance Company. The accident occurred on Jones Creek Road at George O'Neil [O'Neal] Road in East Baton Rouge Parish, Louisiana. The speed limit *1261 on Jones Creek Road at the site of the accident was 40 miles per hour. Jones Creek Road is the favored roadway, with George O'Neil Road (which is controlled by a stop sign) entering from the east in a "T" configuration. Hamm was traveling north on Jones Creek Road, and Lazare was proceeding to enter Jones Creek Road by making a left turn from George O'Neil Road, when the vehicles collided near the center of O'Neil Road where it intersects with Jones Creek Road and the center of the northbound lane on Jones Creek Road (east of the centerline of Jones Creek Road).
The principal demand was filed by Agency against Hamm and State Farm to recover damages of $2,653.17 to its car resulting from the accident, based on the negligence of Hamm. Hamm was never served, nor did State Farm file any pleadings in his behalf, so he is not a party to the suit. State Farm filed an answer, pleading alternatively that Hamm was not negligent, that Lazare was contributorily negligent and that her negligence should be imputed to Agency; and, in a third party demand, that State Farm was entitled to indemnity and/or contribution from Lazare and Agency in the event that State Farm should be found liable in the principal demand. Agency and Lazare answered the third party petition, admitting that the accident occurred but denying any negligence on Lazare's part and denying State Farm's right to recover.
The trial court found that Hamm was negligent in driving at an excessive rate of speed and, further, that Lazare did not discharge her duty to ascertain that a left-hand turn could be safely executed before making such a dangerous movement. The court was of the opinion that both drivers were negligent, and therefore recovery on the part of each was barred. Further, the court found that Agency was an indemnitor under a contract of lease with Lazare, and therefore imputed the negligence of Lazare to Agency; and, consequently, denied recovery to Agency. Costs of the proceedings were assessed jointly to Agency and State Farm. As indicated above, both have appealed. We affirm.
The record supports the trial judge's finding that both motorists were negligent: Hamm, in driving at an excessive speed; Lazare, in not taking proper care in executing a left turn.
In making his finding, the trial judge orally commented:
"One of the laws of the State of Louisiana requires that a person who is about to enter a preferred road from a road which is controlled by a stop sign or other device is obligated to ascertain that the entrance into that preferred road can be made with immunity. It is the opinion of the Court that Ms. Lazare failed to discharge the obligation that she was under as far as the law is concerned to ascertain that a left-hand turn can be made to travel south on Jones Creek Road before making such a turn. The testimony this Court has heard today, it is of the opinion that Joel J. Hamm and his insurer are excluded from recovery in any way because of the excessive speed which the Court is satisfied existed at the time of this accident. According to his own testimony, he was exceeding forty miles an hour which is the posted speed limit on Jones Creek Road. The testimony of Corporal Don May of the Sheriff's Department indicated that there were some ninety feet of skidmarks laid down by the Hamm automobile prior to the collision. It is therefore the opinion of the Court that both the drivers here, Ms. Jill A. Lazare and Mr. Joel J. Hamm, were both negligent and contributed to this accident precluding recovery on the part of either one."
LSA-R.S. 32:62A requires that no motorist shall drive on the highways of this State at a speed greater than that which is reasonable and prudent, consistent with the traffic situation, the roadway surface and the weather conditions. In conformity with this statute our courts have consistently adhered to this speed control requirement. Kentzel Truck Lines, Inc. v. State Farm Insurance Co., 342 So.2d 1133 (La.App. 1 Cir. 1977).
*1262 In the instant case, the trial court correctly found that Hamm was driving at an excessive rate of speed.
Corporal Donald May of the East Baton Rouge Parish Sheriff's Department testified that he investigated the accident, that Hamm informed him at the scene of the accident that just prior to the accident he (Hamm) was exceeding the speed limit and had looked to the left to see if some friends were at home. Hamm also told May that, after looking at his friend's home, he turned his attention back to Jones Creek Road, saw the other car, slammed on his brakes, and slid into the Lazare car. May ascertained that Hamm left approximately 90 feet of skidmarks.
Based on various factors in his investigation, May estimated Hamm was travelling at approximately 55 MPH at the time of the accident. May also estimated that the vehicle driven by Lazare had just entered Jones Creek Road at the time of the accident.
The testimony of Hamm and Lazare was submitted on depositions. Lazare's testimony corroborates the testimony of Corporal May. She stated that the car was "flying over the incline" and that she "got about three or four feet into the turn" when the accident happened. Hamm admitted that he was exceeding the speed limit, even though he denied that he was travelling 55 MPH.
It is well settled that a left-turn movement is generally characterized as a dangerous maneuver, not to be undertaken until the motorist ascertains that it can be made in safety. LSA-R.S. 32:104. It is incumbent on a motorist (such as Ms. Lazare) attempting such a maneuver not only to signal her intention to do so, but to look for both oncoming and overtaking traffic and ascertain that the turn can be made with reasonable safety. Of course, such a motorist is required not only to look, but to see what she should have seen. Casimere v. Ryder Truck Rental, Inc., 324 So.2d 855 (La.App. 4 Cir. 1975), writ denied, 329 So.2d 453 (La.1976); Hollier v. Gilder, 306 So.2d 475 (La.App. 3 Cir. 1975).
Under this rule, it is clear that Lazare was negligent. In executing the left turn, she failed to observe that Hamm's vehicle was too close for her to safely execute a left turn. The evidence supports the trial court's finding that Lazare failed to overcome the evidentiary burden imposed upon a left-turning motorist. Pierre v. Times-Picayune Publishing Company, 363 So.2d 1301 (La.App. 4 Cir. 1978).
In ruling on the question of whether Agency could recover despite the negligence of the driver of its automobile, the trial judge remarked:
"The Court is further of the opinion that Agency-Rent-A-Car, Incorporated is not in a position to recover in spite of the negligence of Jill Lazare inasmuch as they are indemnitors under the contract of lease they had with Ms. Lazare to the extent of fifty thousand dollars. It is therefore the opinion of this Court that there be no recovery on the part of either of the parties, their insurers, or plaintiff Agency Rent-A-Car, Incorporated...."
The negligence of a bailee can not be imputed to the bailor. Dixie Drive It Yourself System New Orleans Co., Inc. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962); Blanchard v. Rodrigue, 340 So.2d 1001 (La.App. 1 Cir. 1976), writ denied, 341 So.2d 1129, 1130 (La.1977); Villarrubia v. Roy, 162 So.2d 86 (La.App. 4 Cir. 1964).
In Dixie Drive the Court said:
"It is well established that the negligence of a bailee cannot be imputed to the bailor. It follows that the defendants are liable if the driver of the obstructing R C Cola truck was negligent and that negligence was a legal cause of the collision. When the actionable negligence of two tort feasors contributes in causing harm to a third party, each of them is responsible for the damage. They are solidarily liable."
As the Court pointed out in Villarrubia, supra, the contributory negligence of the driver of a leased automobile under the exclusive control of the lessee can not be *1263 imputed to the lessor to prevent it from recovering damages.
Nevertheless, from the nature of the indemnity agreement, the indemnitor has taken upon itself the responsibility for the negligence of the indemnitee (the bailee here). By assuming this liability, Agency (the indemnitor) is placed in the position of its indemnitee (Lazare) and precluded from recovery of damages in the instant case.
In the absence of manifest error, we will not disturb the trial judge's finding. There is ample evidence in the record to support the conclusion reached by the trial court.
For the reasons assigned, the judgment appealed is affirmed. The costs of this appeal are assessed equally against both appellants.
AFFIRMED.