488 So.2d 474 (1986)
Tammy D. ATTALES, Plaintiff-Appellee,
v.
SHELTER MUTUAL INSURANCE COMPANY, Defendant-Appellant.
No. 85-650.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1986.
*475 Dubuisson & Dubuisson, Edward B. Dubuisson, Opelousas, for defendant-appellant.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Before STOKER and KING, JJ., and COX, J. Pro Tem.[*]
RONALD D. COX, Judge Pro Tem.
This matter involves the consolidated cases of Tammy Deville Attales v. Shelter Mutual Insurance Company, a suit for personal injuries suffered in a vehicular collision; and the case of Adam Deville v. Shelter Mutual Insurance Company, a suit for property damage to the car driven by Ms. Attales. These suits were consolidated in the trial court and remain consolidated on appeal. Since the law and relevant facts are common to both, our opinion here is equally applicable. However, we render a separate judgment in the consolidated case of Deville v. Shelter Mutual Insurance Company, 488 So.2d 477 (La. App. 3rd Cir.1986).
After trial on the merits the trial court rendered judgment in these cases against Shelter Mutual Insurance Company (hereafter Shelter) who insured the other vehicle driven by Scott Linden and owned by Mr. and Mrs. Tommy Doyle. The defendant appealed the judgments in favor of Ms. Attales in the amount of $1,683.80 and in favor of Adam Deville in the amount of $1,441.63.
The issues on appeal are whether the trial court erred in (1) granting judgments in favor of plaintiffs when no insurance policy was introduced into evidence; (2) finding Ms. Attales free of negligence and Scott Linden solely negligent; and (3) awarding excessive damages for Ms. Attales' injuries.
We affirm as amended.

FACTS
On the morning of July 9, 1984, plaintiff, Tammy Deville Attales, was driving in an easterly direction along U.S. Highway 167 in Evangeline Parish, Louisiana, a few miles east of Ville Platte. She was driving a car owned by her father, Adam Deville, plaintiff in the consolidated case. Ms. Attales slowed down in preparation for a left turn into her parents' private driveway. She slowed almost to a stop and allowed a yellow truck to pass from behind.
Ms. Attales began turning after checking her rearview mirror and noting the car directly behind her had stopped. Before the left turn was completed she heard a horn, and was immediately struck broadside by a car attempting to pass her. The car was driven by Scott Linden with the permission of the owners, Mr. and Mrs. Tommy Doyle. Mr. Linden had been traveling about 45 to 50 miles per hour when the two cars ahead of him slowed down. Mr. Linden did not see Ms. Attales' left turn signal before attempting to pass the cars. He hit his brakes, but was unable to avoid the collision. Ms. Attales suffered minor injuries from the accident.
The trial court concluded the accident was caused solely by Mr. Linden's negligence. The defendant appealed. Subsequently, plaintiffs filed a motion to remand both cases to the trial court for introduction of the liability insurance policy. Since both counsel agreed, we allowed the introduction of the policy into the record without the necessity of a remand.

MS. ATTALES' NEGLIGENCE
The trial court found Ms. Attales free of negligence in this accident. Despite *476 due deference to the trial court's factual findings, we cannot agree. Although Mr. Linden's attempt to pass two stopping cars was a cause of the accident, Ms. Attales' inattentiveness was also a contributing factor.
A left turn is generally a dangerous maneuver which must not be undertaken until the turning motorist ascertains that the turn can be made in safety. Agency Rent-A-Car, Inc. v. Hamm, 401 So.2d 1259 (La.App. 1st Cir.1981). A left-turning motorist involved in an accident is burdened with a presumption of liability and the motorist must show that he is free of negligence. Bennett v. United States Fidelity & Guaranty Company, 373 So.2d 1362 (La.App. 1st Cir.1979), writ denied, 376 So.2d 1269 (La.1979). Also, Williams v. Inabnett, 345 So.2d 1294 (La.App. 3rd Cir.1977).
In the case at bar, Ms. Attales failed to exercise the high degree of care which the law requires of a left-turning motorist. It is undisputed that Highway 167 is straight at the point where the accident occurred. Ms. Attales did not check her left side mirror, nor glance over her left shoulder before attempting to turn. She should have seen Mr. Linden's car approaching, and her failure to do so was negligence on her part. Assuming Ms. Attales gave a proper and timely left turn signal, she failed in her second duty of observing following traffic to ascertain that the turn could be safely made. A left turn should not be made until it can be made with reasonable safety. LSA-R.S. 32:104.
We do not believe Ms. Attales has successfully rebutted any inference of negligence, as in the cases cited by her counsel. Bize v. Boyer, 402 So.2d 110 (La.App. 3rd Cir.1981), affirmed 408 So.2d 1309 (La. 1982); and Lapeyrouse v. LeCompte, 343 So.2d 1117 (La.App. 1st Cir.1977), writ denied, 345 So.2d 1193 (La.1977). These cases are distinguishable in that the left-turning driver could not have anticipated the acts of the overtaking motorist, and the left-turning driver took all possible precautions.

MR. LINDEN'S NEGLIGENCE
The trial court found Mr. Linden solely at fault in this accident. We do not agree. The record is clear that Mr. Linden was not exceeding the speed limit, nor passing illegally or at an intersection. However, he certainly should have been put on alert by the two vehicles ahead of him slowing down and Ms. Attales' turn signal. If Mr. Linden had been keeping a proper lookout and observing all of the traffic conditions, he should have had some notice of impending danger. The Court in Bamburg v. Nelson, 313 So.2d 872 (La.App. 2nd Cir. 1975), writ denied, 318 So.2d 57 (La.1975), found that "Passing a line of three vehicles without returning to the right side of the road is a dangerous maneuver and should be undertaken with extreme care and a complete awareness of all changes in traffic movements." Although Mr. Linden only attempted to pass two cars, all of these conditions furnished him with some warning that it was potentially dangerous to overtake as he did.
Comparative fault requires the allocation of a percentage of fault to the responsible parties. In making this allocation of fault, we must consider both the nature of the conduct of each party at fault and the extent of the causal relationship between the conduct and the damages. Watson v. State Farm Fire & Casualty Insurance Co., 469 So.2d 967 (La.1985).
Mr. Linden's negligence and Ms. Attales' negligence appear to be fairly equal causes of the accident. We conclude that fault should be apportioned 50% to Ms. Attales and 50% to Mr. Linden.

QUANTUM
Defendant contends that the trial court erred in granting excessive damages for Ms. Attales' injuries. The parties stipulated at trial that the damage to Mr. Deville's car was in the amount of $1,441.63, and Ms. Attales' medical bills totaled $183.80. The trial judge awarded Mr. Deville $1,441.63 for property damage; and *477 $183.80 to Ms. Attales for medical expenses incurred, and $1,500 for pain and suffering.
As a result of the accident Ms. Attales suffered a lump on her head, neck pain, and low back pain. She was treated in the hospital emergency room by Dr. Soileau two days following the accident. He noted mild muscle spasms in the cervical and lower back area, as well as tenderness in the back of the skull. Dr. Soileau's diagnosis was cervical and mild lower back strain caused by the accident.
The testimony varied as to how long Ms. Attales suffered from pain, but the trial court found it was limited to a few days. There was no indication that Ms. Attales' injuries have affected her quality of life.
It is well established that before a court of appeal can disturb an award of damages made by the trial court, the record must clearly reveal that the trier of fact abused its discretion in making the damage award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Sikes v. McLean Trucking Co., 383 So.2d 111 (La.App. 3rd Cir.1980); Browning v. Commercial Union Ins. Co., 476 So.2d 559 (La.App. 3rd Cir.1985).
In this case, we find no abuse of discretion in the trial court's award of damages.
In accordance with our apportionment of the fault, we must reduce Ms. Attales' recovery by 50%, to $841.90. Adam Deville's award of $1,441.63 is affirmed. Accordingly, we find in favor of Shelter Mutual Insurance Company on its third party demand and against Tammy Attales in the amount of $720.81 ($1,441.63 reduced by 50% for the negligence of Scott Linden).
For the foregoing reasons, the judgment of the trial court is affirmed as amended. All costs of this appeal are to be taxed 50% to Shelter Mutual Insurance Company, and 50% to Tammy Deville Attales and Adam Deville.
AFFIRMED AS AMENDED.
NOTES
[*] Judge Ronald D. Cox of the Fifteenth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court.