# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-232

CASSANDRA WALKER

VERSUS

ZURICH AMERICAN INSURANCE COMPANY,
SCHILLING DISTRIBUTING CO., LLC, STEVE POIRIER,
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,
AND KENNETH ROBERTSON, JR.

**********

ON APPLICATION FOR SUPERVISORY WRIT FROM
THE SIXTEEN JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 92374
HONORABLE LEWIS H. PITMAN, JR. DISTRICT JUDGE

**********

## GARY J. ORTEGO
## JUDGE

**********

Court composed of Shannon J. Gremillion, D. Kent Savoie, Van H. Kyzar,
Candyce G. Perret, and Gary J. Ortego, Judges.

### WRIT GRANTED AND RELIEF DENIED.

Gremillion, J., dissents for reasons assigned by Judge Kyzar.
Kyzar, J., dissents, and assigns reasons.

**Jeremy N. Morrow**
**Kelsi G. Flores**
**NeunerPate**
**One Petroleum Center, Suite 200**
**1001 West Pinhook Road**
**Lafayette, LA 70503**
**(337) 237-7000**
**COUNSEL FOR RELATORS:**
    **Zurich American Insurance Company,**
    **Schilling Distributing Company, LLC, and**
    **Steve Poirier**

**John G. Munoz**
**Garner & Munoz**
**935 Gravier Street, Suite 1140**
**New Orleans, LA 70112**
**(504) 581-7070**
**COUNSEL FOR RESPONDENT:**
    **Cassandra Walker**

**ORTEGO, Judge.**

Steve Poirier, Schilling Distributing Company, LLC, and Zurich American Insurance Company (referred to collectively as "Defendants"), seek supervisory writs from the trial court's judgment denying their motion for summary judgment in this motor vehicle accident and personal injury claim. On June 20, 2024, this court, in accordance with La.Code Civ.P. art. 966(H), granted the writ for the limited purpose of briefing and oral argument. The order gave the parties an opportunity to submit additional briefs and request oral argument by certain deadlines. The parties did not request oral argument, but each side did submit additional briefing. Thus, we now consider the merits.

For the reasons that follow, we grant the writ and deny relief on the merits, affirming the trial court's denial of Defendants' motion for summary judgment, as the record supports the trial court's finding of the presence of genuine issue of material fact as to the allocation of fault between the drivers of the two vehicles involved in this accident.

## FACTS AND PROCEDURAL HISTORY

This case arises out of a motor vehicle accident that occurred on January 7, 2022, on Moss Street in Lafayette, Louisiana, which is a four-lane road, with two southbound lanes and two northbound lanes. On the day of the accident, Defendant, Steve Poirier (Poirier) was operating a large tractor-trailer truck/rig,[1] which was stopped in a parking lot on the west (southbound) side of Moss Street, waiting to turn left onto Moss Street and then proceed northbound. At the same time, Plaintiff, Cassandra Walker, was a passenger in a 2017 Cadillac CT operated by Defendant, Kenneth Robertson (Robertson), who was waiting to turn right from another lot on

---

[1] Plaintiff describes Defendants' vehicle as a "semi tractor with attached 48-foot Bud Light logo box trailer."

the west side of Moss Street and travel southbound. The lot where the Cadillac vehicle was leaving was to Poirier's left and about a block north of where Poirier's truck/rig was stopped. At the time, the northbound and southbound traffic on Moss Street was steady and included traffic entering from and exiting onto several intersecting streets.

After some discovery was completed, Defendants filed a Motion for Summary Judgment contending that Plaintiff cannot meet her burden of proving that Poirier owed her a duty under La.R.S. 32:124, and thus, is not at fault or liable for the accident. Plaintiff failed to file an opposition to the motion or any evidence to counter Defendants' position. After a hearing, the trial court denied the motion, prompting this application for a supervisory writ to review the decision. Here, Defendants assert the following issues:

> I. Whether Defendants satisfied their burden of establishing the absence of factual evidence to support Plaintiff's claim that Mr. Poirier owed her a duty.
>
> II. Whether the trial court erred in denying Defendants' Motion for Summary Judgment based on the Louisiana Supreme Court's decision to reverse the trial court's granting of a motion for summary judgment in an allegedly factually similar case.

## SUPERVISORY RELIEF

"The proper procedural vehicle to seek review of an interlocutory judgment that is not immediately appealable is an application for supervisory writ." *Johno v. Doe*, 16-200, p. 4 (La.App. 4 Cir. 8/17/16), 198 So.3d 1216, 1218.

## STANDARD OF REVIEW

An appellate review of the decision to grant or deny summary judgment is *de novo*, using the same criteria that governs the trial court's consideration of whether summary judgment was appropriate. *Hester v. Walker*, 20-1278 (La. 5/13/21), 320 So.3d 362. Summary judgment is proper "if the motion, memorandum, and

2

supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). Louisiana Code of Civil Procedure Article 966(D)(1) charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, the moving party's supporting documentation must be sufficient to establish that no genuine issue of material fact remains at stake. *Townley v. City of Iowa*, 97-493 (La.App. 3 Cir. 10/29/97), 702 So.2d 323.

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(D)(1).

The initial question in reviewing a trial court's grant of summary judgment is whether, after considering the mover's admissible documentation, a genuine issue of material fact remains. *Kumpe v. State*, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, *writ denied*, 98-50 (La. 3/13/98), 712 So.2d 882. We must then determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment as a matter of law. *Id.* Thus, "summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole issue remaining is the conclusion to be drawn from the relevant facts." *Id.* at 500. If the mover's supporting documentation is sufficient to establish that no genuine issue of material fact exists, the burden "to prove the existence of a genuine issue of material fact or that the mover is not entitled to

3

judgment as a matter of law[]" shifts to the nonmoving party. La.Code Civ.P. art. 966(D)(1).

## DISCUSSION

Plaintiff maintains that while Poirier was attempting a left turn onto Moss Street, he failed to initiate his turn signal, and his truck was blocking both southbound lanes of travel, thus causing the trailer of the truck to run over Robertson's vehicle. Robertson asserts he turned right onto Moss Street, and then proceeded southbound, but he stopped his vehicle before being hit by the trailer of the truck. Plaintiff claims that she suffered injuries because of the fault of Defendants and seeks recovery for damages therefrom.

On the other hand, Defendants contend that Robertson's vehicle collided with the trailer of Poirier's truck after Poirier was already in the process of making a left turn onto Moss Street, which began before Robertson's vehicle entered Moss Street. Defendants maintain that Plaintiff cannot meet her burden of proving that Poirier owed her a duty under La.R.S. 32:124, and thus, is not at fault or liable for the accident.

## ON THE MERITS

The video evidence in the record reveals that both Poirier and Robertson began to enter onto Moss Street almost simultaneously. As they did so, there were other vehicles traveling and converging onto Moss Street and in the area where the accident occurred, including a white truck travelling in the left, northbound lane of Moss Street, approaching from Poirier's right. In addition, as Poirier was entering Moss Street, a silver car approached Moss Street from an intersecting side street on the east/northbound side of Moss Street, directly across the street from Poirier, slightly to his right. Meanwhile, Robertson completed his right turn onto Moss Street and continued southbound, while Poirier continued to slowly maneuver his

4

truck into the southbound lanes of Moss Street, intending to turn left into a northbound lane.

The video shows that as the white truck, travelling northbound, passed in front of Poirier from Poirier's right, Poirier slowed down as he crossed the southbound lanes of Moss Street. At this time, the trailer of Poirier's truck was still in the parking lot, while the tires of the cab were approaching the middle of Moss Street, so that Poirier's truck/rig was blocking both southbound lanes of travel.

Meanwhile, as the white truck passed in front of Poirier, the silver car at the intersecting side street turned onto Moss Street into the right, southbound lane, and Poirier again slowed his maneuver. The silver car then passed in front of Poirier, and, as the cab of Poirier's truck followed into the northbound lane behind it, a collision occurred between Poirier's truck and Robertson's Cadillac, which was travelling southbound. The video evidence shows the Cadillac underneath the trailer.

Defendants' motion for summary judgment is based solely on the argument that Poirier did not owe a duty under La.R.S. 32:124, which provides that a driver who is about to enter a road or highway from a private road or driveway "shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard." Whether a legal duty exists is dependent on the facts and circumstances of the case. *Davis v. Witt*, 02-3102, 02-3110 (La. 7/2/03), 851 So.2d 1119. Defendants suggest that summary judgment dismissal is appropriate because Poirier entered onto Moss Street before Robertson; therefore, according to Defendants, Robertson's Cadillac was not an approaching vehicle that caused an immediate hazard, and Poirier did not owe a duty under La.R.S. 32:124.

However, the video evidence reveals that Robertson and Poirier both began to enter onto Moss Street almost simultaneously. This is consistent with Robertson's deposition testimony that, prior to turning right onto Moss Street, he was able to see

Poirier's truck which was "at a standstill," so that it was clear for him to turn right. Therefore, there is a material issue of fact as to who had the right of way—Robertson, who was making a right turn into the southbound lane of Moss Street, or Poirer, who began to drive a tractor-trailer truck across both southbound lanes in order to turn left onto Moss Street.

While the factfinder could ultimately find that Roberston should have seen Poirier's truck in his lane of travel and could have possibly avoided the accident, thereby assessing him with a majority of the fault, this, however, would not automatically excuse Poirier from any comparative fault resulting from his left-turn maneuver onto Moss Street.

Additionally, Defendants' argument ignores other duties and legal principles that are relevant in determining whether and to what extent Poirier was at fault. First, even if a factfinder determines that Poirier was the favored driver under the circumstances, "a favored motorist can still be assessed with comparative fault if his or her substandard conduct contributed to the cause of the accident." *Leblanc v. Bouzon*, 14-1041, p. 4 (La.App. 3 Cir. 3/4/15), 159 So.3d 1144, 1147 (quoting, *Graffia v. La. Farm Bureau Cas. Ins. Co.*, 08-1480, p. 7 (La.App. 1 Cir. 2/13/09), 6 So.3d 270, 274).

Here, there is no dispute that Poirer was attempting to turn left when the accident happened.

> A left turn is generally a dangerous maneuver which must not be undertaken until the turning motorist ascertains that the turn can be made in safety. A left-turning motorist involved in an accident is *burdened with a presumption of liability* and the motorist must show that he is free of negligence.

*Thomas v. Champion Ins. Co.*, 603 So.2d 765, 767 (La.App. 3 Cir. 1992) (emphasis added) (citations omitted), (quoting, *Attales v. Shelter Mut. Ins. Co.*, 488 So.2d 474, 476 (La.App. 3 Cir. 1986). Moreover, professional truck drivers are "held to a high

6

standard of care to the motoring public,[]" given their superior knowledge and training associated with operating large rigs. *Davis*, 851 So.2d at 1129.

In the instant case, Poirier was operating a large tractor-trailer truck and attempting to turn left across a four-lane road with steady traffic which would necessarily block both southbound lanes of travel. The video evidence reveals that Poirier drove his truck into the road from a private parking lot and continued to proceed across Moss Street in an effort to turn left, despite the white truck approaching from his right and the silver car approaching from the intersection across the street, which required him to slow his maneuver. At this same time, Robertson was approaching from Poirier's left. Additionally, the dash camera evidence in the record makes it clear that as Poirier entered Moss Street and proceeded with his turn, he only looked to his right, and not to his left, until after the collision occurred.

Finally, "[d]rivers of automobiles are under a never ceasing duty to maintain a proper lookout and to see what should be seen." *Davis v. Smith*, 35,117, p. 6 (La.App. 2 Cir. 10/02/01), 796 So.2d 765, 769, *writ denied*, 01-2887 (La. 1/25/02), 807 So.2d 250.

## <u>CONCLUSION</u>

Given the facts and circumstances surrounding the accident, as well as the duties imposed on left-turning drivers, professional truck drivers, and drivers in general, issues of material fact exist concerning whether and to what extent the two drivers, Poirier and Robertson, were at fault in connection with the collision. Therefore, summary judgment, dismissing Plaintiff's claims, is not appropriate.

7

## **<u>DECREE</u>**

Accordingly, we find no error and affirm the trial court's denial of Defendants' motion for summary judgment, as the record supports the trial court's finding of the presence of genuine issue of material fact as to the allocation of fault between the drivers of the two vehicles involved in this accident.

**WRIT GRANTED AND RELIEF DENIED.**