On Motion to Dismiss Appeal.
O’NIELL, J.
[1] On furnishing the affidavits required by the Act No. 156 of 1912, the plaintiff obtained an order from the judge of the district court, authorizing her to prosecute this suit without paying costs or giving bond for costs. The defendant filed a demurrer or an exception of no cause of action. Several days later, he filed a motion to traverse the affidavits on which the plaintiff had been exempted from paying costs or furnishing bonds for costs, and the plaintiff was ordered to show cause why the order, dispensing with the payment of costs and from furnishing bonds for costs, should not be rescinded. By consent of both parties, the rule was made returnable instanter and was submitted to the court on the same day on which the exception of no cause of action was argued and submitted. Judgment was rendered, dismissing the rule to show cause why the plaintiff should not pay costs or furnish bond for costs; and, at the same time, judgment was rendered, sustaining the defendant’s exception of no cause of action, and dismissing the plaintiff’s suit. The plaintiff obtained an order of appeal, “suspensive and devolutive,” returnable to this court, “without plaintiff and appellant being required to give bond.” The defendant objected to the granting of an appeal without bond, on the ground that the Act No. 156 of 1912, exempting litigants, under certain circumstances, from paying costs in advance or as they accrue or giving bonds for costs, does not, as the defendant contends, exempt an appellant from furnishing an appeal bond. His objection being overruled, the defendant reserved a bill of exceptions; and he has filed in this court a motion to dismiss the appeal, on account of the appellant’s failure to furnish an appeal bond.
Although the minutes of the district court show that testimony was taken on the trial of the rule to traverse the plaintiff’s affidavits and to show cause why the order, exempting her from the payment of costs as they accrued and furnishing a bond for costs, should not be rescinded, the testimony is not in the record; and we assume that it was not reduced to writing. Under these circumstances, we are not in a position to review the ruling of the district court, dismissing the defendant’s rule to show cause why the order, exempting the plaintiff from furnishing bond for costs, should not be rescinded.
Although the order is for an appeal “suspensive and devolutive,” the appeal, being from a judgment dismissing the appellant’s suit on an exception of no cause of action, is in effect only a devolutive appeal. The only bond that could be required for such an appeal is a bond to secure the payment of costs. The Act No. 156 of 1912 permits a citizen of this state, or an alien who has been domiciled in this state for three years, whose poverty prevents his paying the court costs as they accrue or giving bonds for costs, to prosecute and defend “in all the courts of this state” all actions to which he may be a party, whether as plaintiff, intervener, or defendant, without paying the costs in advance or as they accrue or giving bonds for costs. Hence a litigant who is exempt from paying the court costs as they accrue and from furnishing bonds for costs, under the provisions of the Act No. 156 of 1912, is entitled to a devolutive appeal without bond.
The motion to dismiss the appeal is overruled.