648 So.2d 1012 (1994)
Randolph J. ZAR, et al.
v.
Eno J. GAUDET, Progressive American Insurance Company and Windsor Insurance Company, et al.
No. 94-CA-533.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 1994.
*1013 Stephen J. Caire, Nel F. Vezina, Vezina and Associates, Gretna, for plaintiffs-appellants.
Michael F. Fitzpatrick, Nancy L. Cromartie, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendants-appellees.
Before KLIEBERT, GAUDIN and GRISBAUM, JJ.
GRISBAUM, Judge.
Plaintiffs-appellants appeal from the dismissal of their claims under defendants-appellees' exception of no cause and/or no right of action. We affirm in part, reverse in part, and remand.

FACTS
The basic record facts and procedural history are unnecessary to present simply because we are presented with an issue of law and not of fact; accordingly, they will not be repeated.

ISSUE
The single issue presented is whether the trial court erred in finding plaintiffs' petition did not state a cause of action under La.Civ. Code art. 2315.6.

LAW
It is clear that the exceptions of no cause and/or right of action are separate and distinct with each serving a particular purpose with different procedural rules. "No cause of action" raises a question of whether the law affords a remedy to a plaintiff under the allegations of the petition, while "no right of action," raises the issue of whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged. See Franks v. Royal Oldsmobile Co., Inc. 605 So.2d 633 (La.App. 5th Cir.1992). Furthermore, while evidence is allowed to support or controvert an exception of no right of action, no evidence may be introduced to support or controvert the objection *1014 that the petition fails to state a cause of action. La.Code Civ.P. art. 931; Everything on Wheels v. Subaru South, 616 So.2d 1234 (La.1993).
Therefore, where a defendant may file an exception of no cause and/or right of action, they are to be treated as two separate exceptions.[1]

DISCUSSION
In Paragraph IV of their amending petition, plaintiffs allege that
As a result of the death of their brother, petitioners Anthony J. Zar, Jr., Harold J. Zar, Warren J. Zar, Kenneth L. Zar, and Darlene L. Zar have suffered loss and damage, including loss of support and earnings; loss of affection, companionship and society and mental anguish for witnessing the suffering and ultimate death of their brother, Randolph Joseph Zar.
The trial court, in its Reasons for Judgment, states
Article 2315.6 sets out the criteria for who may recover for injury to a third person as a result of either viewing the event causing injury or coming upon the scene of the accident soon after the injury to the third person when there had not been a substantial change in the victim's condition.
The Court finds this Code Article inapplicable to the Exceptions at issue. First, neither Mr. Zar's mother, nor any of his siblings, viewed the accident or came upon the scene soon after the accident. In fact, they did not see Mr. Zar until five hours after the accident, at the Hospital. Louisiana jurisprudence is clear on this issue, under Lejuene [sic] v. Rayne Branch Hospital, 556 So.2d 559 (La.1990), and Chamberlain v. State of Louisiana, 615 So.2d 333 (La.1993).
Further, the argument regarding mental anguish damages obscures the true issue on which this Exception was brought. The issue is whether the brothers and sisters of the deceased plaintiff have a right of recovery for the death of their brother when he left a parent living. The mother is a member of a higher class of beneficiary and her right of recovery preempts the claims of other classes of beneficiaries.
We note La.Civ.Code art. 2315.6, in pertinent part, provides:
A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury:
(1) The spouse, child or children, and grandchild or grandchildren of the injured person, or either the spouse, the child or children, or the grandchild or grandchildren of the injured person.
(2) The father and mother of the injured person, or either of them.
(3) The brothers and sisters of the injured person or any of them.
(4) The grandfather and grandmother of the injured person, or either of them.
The language of La.Civ.Code art. 2315.6 clearly does not include a hierarchy of beneficiaries to where the presence of one member in a class precludes a member in another class from recovering like La.Civ.Code arts. 2315.1 and 2315.2. La.Civ.Code art. 2315.6 merely lists the classes of persons entitled to collect damages for mental anguish for injury to a third party. It does not mandate the preclusion of a member from one class from recovering solely because a member from another class exists.[2]
Therefore, we find the trial court erred in finding plaintiffs-appellants were not proper plaintiffs under La.Civ.Code art. 2315.6.
*1015 In maintaining the exception of no cause of action, the trial court obviously relied on a portion of one of the plaintiffs' deposition, which was attached to defendants' reply to plaintiffs' opposition to the exception, in factually concluding that plaintiffs did not see the decedent until five hours after the accident and, therefore, none of the plaintiffs viewed the accident or came upon the scene soon thereafter, as mandated by La. Civ.Code art. 2315.6. However, as we have noted above, no evidence may be introduced to support the objection that a petition fails to state a cause of action. La.Code Civ.P. art. 931. Essentially, the trial court improperly considered the merits of plaintiffs' cause of action under La.Civ.Code art. 2315.6, rather than looking solely at the allegations made in the petition.
Defendants-appellees argue in brief that La.Code Civ.P. art. 865 allows the trial court to construe pleadings in such a way as to do substantial justice. Defendants maintain the trial court was within its discretion to view the exception of no cause and/or no right of action as a motion for summary judgment and, therefore, it properly dismissed plaintiffs' claims. The Louisiana Supreme Court has interpreted La.Code Civ.P. art. 865 to the effect that a court should construe a peremptory exception so as to afford litigants their day in court and give them an opportunity to present evidence. Kuebler v. Martin, 578 So.2d 113 (La.1991). While a pleading is governed by its substance rather than its caption, we do not find the substance of defendants' exception was sufficiently similar to a motion for summary judgment so as to fairly put plaintiffs on notice of the pleading's intended substantive result. See Nicholson & Loup, Inc. v. Carl E. Woodward, Inc., 596 So.2d 374 (La. App.4th Cir.1992), writ denied, 605 So.2d 1098 (La.1992). Defendants' exception clearly objects solely to plaintiffs as proper plaintiffs under La.Civ.Code art. 2315.1 and does not even hint at the fact there may be no genuine issues of material fact.
Considering we are to give every reasonable interpretation to the language of a petition in favor of maintaining its sufficiency, we find, in light of La.Civ.Code art. 2315.6, plaintiffs' petition is sufficient to overrule an exception of no cause of action.
For the reasons assigned, we affirm the trial court's February 2, 1994 judgment insofar as it maintains the exception of no right of action under La.Civ.Code arts. 2315.1 and 2315.2[3] and necessarily reverse the judgment insofar as it dismisses plaintiffs' claims for mental anguish under La.Civ.Code art. 2315.6. We remand the matter for further proceedings consistent with the views expressed herein. Each party to this appeal is to bear its respective costs.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] We note the trial court failed to treat defendants-appellees' exception of no cause and/or no right of action as two separate exceptions. However, in our review we will necessarily treat the exception as two exceptions and conduct a separate review of each exception; the exception of no cause of action and the exception of no right of action.
[2] For a more in-depth discussion of La.Civ.Code art. 2315.6 see "Negligent Infliction of Emotional Distress; the Effects of Article 2315.6," 53 Law Review 555 (1992).
[3] By maintaining the exception of no right of action under La.Civ.Code arts. 2315.1 and 2315.2 plaintiffs claims for loss of support and earnings and loss of affection, companionship and society are necessarily dismissed.