654 So.2d 889 (1995)
Rosemary CARACCI, Frank Caracci and Gloria Caracci,
v.
Jack L. WILLIAMS, Eldon Vail and/or Dominicks Entertainment, Inc.
No. 95-CA-16.
Court of Appeal of Louisiana, Fifth Circuit.
May 10, 1995.
Rehearing Denied May 26, 1995.
*890 Joseph C. Bartels, New Orleans, for defendants/appellants.
John H. Wells, New Orleans, for plaintiffs/appellees.
Before BOWES, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
This matter arose from a dispute over a commercial lease agreement between the plaintiffs who own the building, and the defendants who leased the space. The matter proceeded to trial. On June 20, 1994, the trial court rendered a written judgment in favor of the plaintiffs and cast one of the defendants, Eldon Vail, in judgment for the sum of $42,000.00 together with legal interest from the date of judicial demand, $5,000.00 in attorney fees, and all costs of the proceedings. Subsequently on June 27, 1994, the court, on its own motion, rendered an amended judgment adding defendants, Jack Williams and Dominick Entertainment, Inc., to the judgment. A motion for new trial was filed on July 7, 1994 and denied on August 23, 1994. The only appeal filed in this matter was filed by Eldon Vail who appeals the June 27, 1994 amended judgment. He assigns several errors, the merits of which we cannot consider because the procedural posture *891 of this case precludes such consideration.
C.C.P. article 1951 states:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance,
or
(2) To correct errors of calculation.
The original judgment may be amended by the court where the judgment takes nothing away from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978); Hebert v. Melco Steel, Inc., 552 So.2d 1326 (La.App. 5 Cir.1989). The proper recourse to substantively change a judgment is to file a timely application for new trial or a timely appeal. A judgment is not subject to substantive amendment by the trial judge on his own motion as a general rule. Villaume, supra; Hebert v. Hebert, 351 So.2d 1199 (La.1977); Hebert v. Melco Steel, Inc., supra. The court cannot modify its previous judgment as to substance absent a grant of a new trial. Weber v. Bon Marche Pharmacy, Inc., 378 So.2d 520 (La.App. 4 Cir.1979); writ den. 381 So.2d 1220 (La. 1980); Hebert v. Melco Steel, Inc., supra. Clearly, the addition of parties to a judgment constitutes a substantive change. Borchardt v. Carline, 617 So.2d 970 (La.App. 4 Cir. 1993); writ den. 620 So.2d 844 (La.1993).
In the present matter, there is no indication from the record that either party filed a motion for new trial on the June 20, 1994 judgment. There is no indication in the amended judgment that the court granted a new trial and no record that any hearing was held before the amended judgment was rendered.
A reading of the transcript reveals that the trial court made an oral ruling on the issue of personal liability on the part of defendants, Vail and Williams; but then held the matter open to allow the defendants an opportunity to offer testimony from a witness who was subpoenaed but did not appear. At the close of the hearing on March 9, 1994, the trial court stated; "It (judgment) won't be signed today, I'm just bifurcating it. We'll sign the entire judgment when the entire matter is adjudicated." Thus it appears that the trial court may have inadvertently omitted two of the defendants in the original judgment, and tried to correct the omission with the amended judgment.
Such a substantive amendment to a final written judgment is beyond the trial court's authority. When the oral reasons or minutes conflict with the written judgment, the latter governs. Marino v. Marino, 576 So.2d 1196 (La.App. 5th Cir.1991). Because the oral reasons form no part of the judgment, the trial judge may, within his authority, render a judgment which differs substantially from his prior oral statement. Marino v. Marino, supra. In Hebert v. Hebert, supra at 351 So.2d 1200, the Louisiana Supreme Court noted that, "the notion that the substance of the judge's oral remarks would govern instead of the substance of the written judgment could not have been the legislative intent because it would destroy the integrity of written judgments as evidence and public record of the court's decree." Consequently, the amended judgment rendered on June 27, 1994, which is the subject of this appeal is null and without effect.
When the parties fail to raise the issue of absolute nullity of a judgment either by new trial or on appeal, it is proper for the appellate court to vacate the absolutely null judgment and reinstate the original judgment. Rodgers v. Rodgers, 26,093 (La. App.2d Cir. 9/21/94), 643 So.2d 764, 766; LSA-C.C.P. art. 2164. Because the amended judgment has been found to be null, the merits of this appeal cannot be addressed. We cannot entertain an appeal of a null judgment.
For the foregoing reasons, we vacate the June 27, 1994 judgment and reinstate the June 20, 1994 judgment. Costs of this appeal are assessed equally between the parties.
ANNULLED AND SET ASIDE