661 So.2d 985 (1995)
Rosemary CARACCI, Frank Caracci and Gloria Caracci
v.
Jack L. WILLIAMS, Eldon Vail and/or Dominicks Entertainment, Inc.
No. 95-C-1615.
Supreme Court of Louisiana.
November 3, 1995.

ORDER
Denied.
LEMMON, J. would grant with reasons.
Prior report: 654 So.2d 889.
Lemmon, J., Dissents from the Denial of the Application for Certiorari and Assigns Reasons.
In this action on a lease against several defendants, the trial judge on June 20, 1994 cast only defendant Eldon Vail in judgment. On June 27, 1994, the judge on his own motion amended the judgment to add the other two defendants.
On July 7, 1994, Vail filed a motion for new trial, which was denied. He then appealed the June 27 judgment.
The court of appeal held that the June 27 judgment was null, noting that La.Code Civ. Proc. art. 1951 did not authorize the substantive amendment to the June 20 judgment and that correction of the error omitting the two defendants should have been sought by motion for a new trial. The court of appeal reinstated the June 20 judgment from which no timely appeal had been taken and expressly refused to consider the appeal from the null judgment of June 27. Vail then applied to this court for certiorari.
The court of appeal erred in refusing to give effect to the June 27 judgment. A trial court is authorized to grant a new trial on its own motion, La.Code Civ.Proc. art. 1971, as long as the action is taken within the delay for a motion for new trial. Here, the trial judge in effect granted a new trial and rendered an amended judgment in his June 27 action. Since every pleading should be construed so as to do substantial justice, La. Code Civ.Proc. art. 865, the written judgment of the trial court should be construed by analogy to Article 865 so as to give effect to the trial judge's obvious intention to amend the substance of his erroneous judgment, which was done during the time period that the judge still had the power and jurisdiction to grant a new trial on his own motion.