665 So.2d 585 (1995)
Charlene FERGUSON, Travis Ferguson, and Brandi Ferguson
v.
David L. DIRKS, et al.
No. 95-CA-560.
Court of Appeal of Louisiana, Fifth Circuit.
November 28, 1995.
*586 Brian Cadwallader, the Cadwallader Firm, New Orleans, for Plaintiffs/Appellants.
Joseph R. McMahon, Jr., Metairie, for Defendant/Appellee, Sentry Insurance, a Mutual Company Indemnitor, et al.
Before BOWES, GRISBAUM and GOTHARD, JJ.
GOTHARD, Judge.
This is an appeal of a judgment which granted the defendant's exception of no cause/right of action. For the following reasons, we reverse the judgment and remand the case for further proceedings.

STATEMENT OF THE CASE
In May of 1980, the plaintiff Charlene Ferguson and her children, Travis and Brandi, were involved in an automobile accident. The defendant Sentry Indemnity Insurance Company ("Sentry") insured the other vehicle involved in the accident. Charlene Ferguson brought suit individually and as the natural tutrix of her minor children against Sentry and the owner of the other vehicle. In March of 1984, the case was settled for $84,000. A joint motion to dismiss the suit was signed in the trial court on June 7, 1984.
Charlene Ferguson filed the instant suit on April 19, 1993, alleging individually and on behalf of her children that the settlement had been entered into without her consent or approval and had been performed in a fraudulent manner. Subsequently, the plaintiff amended her petition and alleged that there was no court approval for the settlement of the minors' claims, the settlement was confected fraudulently with a forged power of attorney and a forged release, the settlement check was negotiated without authority and through forgery, and that the plaintiff and her children were deprived of the settlement funds. Based on the foregoing, the plaintiff seeks to have the June 7, 1984 judgment of dismissal annulled and set aside.
The defendant Sentry filed exceptions of no cause/right of action, prescription, and res judicata. On February 1, 1995, the trial court granted the defendant's exception of no *587 cause/right of action as to Charlene Ferguson individually; however, the court revived the actions of Travis and Brandi Ferguson on the basis that they were minors at the time the settlement was entered into and there had been no judicial approval of the settlement. Further, the court overruled Sentry's exceptions of prescription and res judicata. From the judgment granting the defendant's exception of no cause/right of action against her, Charlene Ferguson has appealed.

LAW
The trial court addressed the defendant's exception of no cause/right of action as one exception. However, we have recently reiterated that "the exceptions of no cause and/or right of action are separate and distinct with each serving a particular purpose with different procedural rules." Zar v. Gaudet, 94-533 (La.App. 5th Cir. 12/14/94), 648 So.2d 1012, 1013; see La.C.C.P. art. 927(4), (5). Thus, we will review the defendant's exception as two separate exceptions: an exception of no cause of action and an exception of no right of action.
The exception of no cause of action questions "whether the law extends a remedy to anyone under the factual allegations of the petition." Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm'n, 94-2015 (La. 11/30/94), 646 So.2d 885, 888 n. 3; Zar, supra. The exception of no right of action, on the other hand, is "designed to test whether the plaintiff has a real and actual interest in the action." Id. That is, an exception of no right of action determines "whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged." Zar, supra. Further, La.C.C.P. art. 931 permits the introduction of evidence to support or controvert an exception of no right of action, but does not permit the introduction of evidence to support or controvert an exception of no cause of action.

ANALYSIS
In assessing an exception of no cause of action, we must accept all wellpleaded allegations of fact as true. Dufour v. Westlawn Cemeteries, Inc., 94-81 (La.App. 5th Cir. 6/28/94), 639 So.2d 843, 846. In this case, the allegations made by Charlene Ferguson individually in the petition are sufficient to support a cause of action against the defendant Sentry. The plaintiff asserts several theories of liability to support a cause of action against Sentry. However, we will address only one of these, namely the plaintiff's alleged lack of consent to the settlement, as this is all that is necessary to our disposition of the case.
In the petition Charlene Ferguson alleges that the settlement with Sentry is a nullity because she did not consent to release the defendant. La.C.C. art. 1927 requires that consent be present in every contract. Thus, taking Charlene Ferguson's well-pleaded allegations as true, the settlement between her and Sentry is a nullity because it is based on a contract to which the plaintiff did not consent. See La.C.C. art. 2029. The remedy sought by Charlene Ferguson, an annulment of the June 7, 1984 judgment of dismissal which was based on the settlement, is recognized by the law. The foregoing is sufficient to state a cause of action on the part of Charlene Ferguson against Sentry. The trial court erred in finding to the contrary.
In regards to the exception of no right of action, it is apparent that Charlene Ferguson, as a party to the purported settlement with Sentry, has a "real and actual interest" in demonstrating that she did not consent to that settlement. In other words, Charlene Ferguson, as a party to a contract, is a member of the class for which the law provides a remedy, which in this case is the right to assert the nullity of the contract.
As stated earlier, evidence is allowed to be introduced to support or controvert an exception of no right of action. However, such evidence goes only to whether the plaintiff has a legal interest in the suit; it does not go to the merits of the case. Morris v. Rental Tools, Inc., 435 So.2d 528, 531 (La. App. 5th Cir.1983); HMC Management Corp. v. New Orleans Basketball Club, 375 So.2d 700, 705 (La.App. 4th Cir.1979), writ denied, 378 So.2d 1384 (La.1980). Thus, the exception of no right of action should not be *588 granted simply because there is a valid defense to plaintiff's claim. Morris, supra.
In the instant case, the trial court granted the defendant's exception because evidence was presented which led the court to believe that Charlene Ferguson had consented to the settlement. While it may be true that Charlene Ferguson did in fact consent to the settlement, this is not an appropriate consideration in determining an exception of no right of action because the question of consent goes to the merits of the case rather than whether the plaintiff has a "real and actual interest" in the suit. Therefore, the trial court erred in sustaining the defendant's exception of no right of action.
In summary, we express no opinion as to the merits of Charlene Ferguson's suit. Instead, we hold only that she has made sufficient allegations in her petition to defeat the defendant's exceptions of no cause of action and no right of action. Accordingly, the judgment appealed from is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.