668 So.2d 1274 (1996)
Marie WILLIAMS, as the Natural Tutrix of Her Minor Children, Reginald Earl Williams and Brenda Diggs, Individually and on Behalf of Her Deceased Son, Xavier Diggs and as Natural Tutrix of Her Minor Child, Cannon Diggs
v.
Joey MUMPHREY, Nola Delivery Inc., Zurich Insurance Company, Jefferson Parish, State of Louisiana, Through the Department of Transportation and Development.
No. 95-CA-643.
Court of Appeal of Louisiana, Fifth Circuit.
January 30, 1996.
*1275 Gregory G. Gremillion, Thomas W. Darling, Gretna, for Defendants/Appellees Joey Mumphrey, NOLA Delivery, Inc. and Zurich Insurance Company.
Patricia D. Miskewicz, New Orleans, for Plaintiff/Appellant.
Before GAUDIN, GRISBAUM, GOTHARD, JJ.
GOTHARD, Judge.
This is an appeal of a judgment which granted the defendants' exception of no cause of action. In support of her position, the plaintiff argues that La.C.C. art. 2315.6 is unconstitutional. We hold that the challenged article passes constitutional muster and, therefore, affirm the trial court judgment.

FACTS/PROCEDURAL HISTORY
On July 22, 1994, Xavier Diggs was hit by a van and killed as he was attempting to cross Behrman Highway. Reginald and Daquana Williams, who were first cousins of Xavier Diggs, witnessed the accident. The plaintiff Marie Williams brought suit on behalf of her minor children, Reginald and Daquana Williams, for the mental anguish and emotional distress they suffered from witnessing the death of Xavier Diggs. Made defendants were the driver of the van, Joey Mumphrey, his employer, NOLA Delivery, Inc., and the employer's insurer, Zurich Insurance Company.
The defendants filed an exception of no cause of action based on La.C.C. art. 2315.6. On April 5, 1995, the trial court sustained the defendants' exception, thereby dismissing the plaintiff's suit. From this judgment, the plaintiff has appealed.

DISCUSSION
We begin by addressing a procedural matter. The exception of no cause of action questions "whether the law extends a remedy to anyone under the factual allegations of the petition." Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm'n, 94-2015 (La.11/30/94), 646 So.2d 885, 888 n. 3; Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (La.1972). The exception of no right of action, on the other hand, tests whether the plaintiff has a "real and actual interest" in *1276 the suit. Id. That is, an exception of no right of action determines "whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged." Ferguson v. Dirks, 95-560 (La.App. 5th Cir. 11/28/95), 665 So.2d 585; Zar v. Gaudet, 94-533 (La.App. 5th Cir. 12/14/94), 648 So.2d 1012, 1013. The distinction between the two exceptions is important because La.C.C.P. art. 931 permits the introduction of evidence to support or controvert an exception of no right of action, but does not permit the introduction of evidence to support or controvert an exception of no cause of action.
The cause of action alleged by the plaintiff is based on the mental distress suffered by Reginald and Daquana Williams upon witnessing the death of Xavier Diggs. Louisiana law, pursuant to La.C.C. art. 2315.6, recognizes a cause of action based upon the so-called "bystander recovery rule". Dufour v. Westlawn Cemeteries Inc., 94-81 (La.App. 5th Cir. 6/28/94), 639 So.2d 843, 846. Thus, the plaintiff has stated a valid cause of action. The question, however, is whether Reginald and Daquana Williams belong to one of the particular classes allowed to bring a claim pursuant to La.C.C. art 2315.6.
From reviewing the defendants' exception and brief, it is clear that the defendants challenge the plaintiff's right to bring this action, as opposed to the existence of a cause of action for emotional distress based on viewing another person suffer an injury. Thus, the defendants' exception should have been labeled one of no right of action rather than no cause of action. Pursuant to La. C.C.P. art. 865, we are authorized to construe every pleading so as to do substantial justice. See Moore v. Shell Oil Co., 228 So.2d 205, 208 (La.App. 3d Cir.1969), writ denied, 255 La. 278, 230 So.2d 587 (La.1970); Davis v. Southern Farm Bureau Casualty Ins. Co., 324 So.2d 468, 470 (La.App. 3d Cir.1975). Therefore, we will address the defendants' exception as one of no right of action.
Turning to the merits, La.C.C. art. 2315.6 provides as follows:
A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury:
(1) The spouse, child or children, and grandchild or grandchildren of the injured person, or either the spouse, the child or children, or the grandchild or grandchildren of the injured person.
(2) The father and mother of the injured person, or either of them.
(3) The brothers and sisters of the injured person or any of them.
(4) The grandfather and grandmother of the injured person, or either of them.
B. To recover for mental anguish or emotional distress under this Article, the injured person must suffer such harm that one can reasonably expect a person in the claimant's position to suffer serious mental anguish or emotional distress from the experience, and the claimant's mental anguish or emotional distress must be severe, debilitating, and foreseeable. Damages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article.
La.C.C. art. 2315.6 is a codification of the Supreme Court's decision in Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La. 1990). In Lejeune, the Court overruled a long line of jurisprudence and allowed a party to bring an action for mental anguish caused by injury to another person.[1] The party allowed to bring the action in Lejeune was a widow who suffered emotional distress upon discovering that her husband had been bitten by rats while hospitalized in a coma. Id. at 561. While the Court recognized a *1277 cause of action for emotional distress caused by injury to another, it did not define the permissible class of claimants. Id. at 570. Subsequently, in adopting La.C.C. art. 2315.6, the legislature chose to limit the permissible class of claimants to close relatives of the person suffering the direct injury.
Reginald and Daquana Williams, as cousins of Xavier Diggs, clearly do not belong to any of the classes permitted by La. C.C. art. 2315.6 to recover for mental anguish caused by viewing another person suffer an injury. Thus, the trial court was correct in sustaining the defendants' exception. However, the plaintiff argues that the trial court erred in not declaring article 2315.6 to be unconstitutional. The plaintiff argues that article 2315.6 is unconstitutional because the legislature has arbitrarily excluded anyone other than close relatives of the victim of the direct injury from bringing a claim for mental anguish.
In general, the Louisiana Constitution, unlike the federal constitution, limits rather than grants powers. Chamberlain v. State, DOTD, 624 So.2d 874, 879 (La.1993). Thus, plenary power in the legislature is the rule and any limitation on the exercise of this power is the exception. Id. A corollary of the foregoing principles is that legislative acts are presumed constitutional; thus, a party challenging such an act "must articulate a particular constitutional provision that limits the legislature's powers." Id. Further, "[a]ny doubt as to the legislation's constitutionality must be resolved in favor of constitutionality." Polk v. Edwards, 626 So.2d 1128 (La.1993).
Article I, Section 3 of the Louisiana Constitution guarantees individuals the equal protection of the laws. However, the equal protection clause does not prohibit the legislature from making distinctions between different classes of people. Thus, when a law classifies individuals on a basis other than race, religion, birth, age, sex, culture, physical condition, or political ideas, the law will be upheld "unless a member of the disadvantaged class shows the law does not suitably further any appropriate state interest." Parker v. Cappel, 500 So.2d 771, 774 (La. 1987). La.C.C. art. 2315.6 does not employ any of the above mentioned suspect classifications. Therefore, the plaintiff herein must demonstrate that the challenged article does not further any appropriate state interest.
A similar challenge to that presented here has been made against La.C.C. arts. 2315.1 and 2315.2, the survival and wrongful death statutes. In Miles v. Illinois Central Gulf Railroad Co., the constitutionality of the two statutes was attacked by the mother of a decedent who was excluded from bringing a claim because the decedent's spouse was alive. 389 So.2d 96, 97 (La.App. 4th Cir.), writ denied, 394 So.2d 612 (La.1980). The Fourth Circuit upheld the constitutionality of the survival and wrongful death statutes, reasoning that "of necessity the legislature was faced with the need to place some limitations on those who are designated as beneficiaries in Article 2315 and ... the distinctions in that article ... are constitutionally reasonable and supportable." Id. at 98.
Similarly, in the instant case we find the limitations on the permissible classes of claimants in La.C.C. art. 2315.6 to be constitutionally reasonable. Clearly, a tremendous administrative burden would fall on the trial courts if no limitations were placed on the permissible claimants for "bystander" mental distress. Thus, we find that the legislature's desire to limit the number of permissible claimants under article 2315.6 furthers an appropriate state interest.
As with the survival and wrongful death statutes, the legislature has chosen to limit the permissible claimants for "bystander" mental anguish damages to close relatives of the victim. Undoubtedly there will be situations where a cousin or more distant relative who is in fact closer to the victim than his parents or brothers and sisters will nevertheless be denied recovery for mental anguish damages based on article 2315.6. However, this does not change the fact that the classifications employed by the legislature in article 2315.6 are constitutionally reasonable. Based on the foregoing, we hold that article 2315.6 does not violate the plaintiff's right to equal protection of the laws.
*1278 Furthermore, we find that the challenged article does not violate the plaintiff's right of access to the courts, guaranteed by Article I, Section 22 of the Louisiana Constitution. The access to courts clause does not "prohibit legislative restriction of legal remedies." Williams v. Kushner, 524 So.2d 191, 196 (La.App. 4th Cir.1988), amended and affirmed, 549 So.2d 294 (La. 1989). Instead, the clause "operates only to provide remedies which are fashioned by the legislature." Id. The legislature has chosen to limit the remedy for "bystander" mental anguish to close relatives of the victim of the direct injury. However, this restriction on the permissible claimants under article 2315.6 does not mean that the plaintiff has been denied access to the courts. Indeed, the plaintiff has had access to the courts to challenge the constitutionality of the legislature's action. This is all that is required under our constitution.
In summary, we hold that La.C.C. art. 2315.6 is a reasonable exercise of the legislature's plenary power and is therefore constitutional. Thus, the plaintiff has no right of action for mental anguish based on the death of Xavier Diggs. Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] In Black v. Carrollton Railroad Co., the Supreme Court held that damages for mental anguish sustained by a person not directly injured, but who instead witnessed another person suffer an injury, were not compensable. 10 La.Ann. 33 (1855), overruled by Lejeune v. Rayne Branch Hosp., 556 So.2d 559 (La.1990). Subsequent cases upheld this prohibition, although prior to Lejeune the Court had not addressed the issue since 1917. See Sperier v. Ott, 116 La. 1087, 41 So. 323 (1906); Kaufman v. Clark, 141 La. 316, 75 So. 65 (1917).