| PATRICK J. McCABE, Judge, Pro Tem.
This is the second time this matter has come before us. One of the three defendants below, Mr. Eldon Vail, appeals the judgment of the trial court which held him liable for damages on a breached lease. We affirm the trial court’s judgment.

ISSUES

The issues presented are
(1) Whether the appellant filed this appeal in a timely manner;
(2) Whether the trial judge erred in finding the lease valid and enforceable;
(3) Whether the trial court erred in finding Eldon Vail liable as surety on the lease;
(4) Whether the trial judge erred in the assessment of damages; and
*1107 (5) Whether the trial judge erred in declining to issue a Writ of Attachment compelling the appearance of a defense witness.

hFACTS AND PROCEDURAL HISTORY

In April 1994, Eldon Vail, Jack Williams, and Dominick’s Entertainment, Inc.[1] entered into an agreement with Rosemary Caracci, Frank Caracci, Gloria Caracci, and Vincent Caracci to lease Dominick’s Restaurant on Williams Boulevard in Kenner, Louisiana.[2] The defendants issued a check for $18,000, dated April 10, 1992, for the first three months’ rent. About two weeks later, on April 24, 1992, the bank returned the check unpaid because the account upon which the check was drawn was closed. The Caraccis, through their attorney, sent certified letters to Mr. Williams and Mr. Vail, demanding the check be honored and notifying them that this constituted a breach of the lease. Neither defendant responded to the certified letters and the plaintiffs filed suit.
After a trial on the merits, the trial judge found in favor of the plaintiffs and cast only Eldon Vail in judgment for damages in the amount of $42,000. Seven days later, the trial judge amended the decision to include John Williams and Dominick’s Entertainment, Inc. Eldon Vail appealed the amended decision, and this Court refused to consider the merits of the case. We annulled and set aside the amended decision and reinstated the original decision because the amendment of the final written judgment by the trial judge was substantive and, therefore, not permissible. Caracci v. Williams, 95-16 (La.App. 5th Cir. 5/10/95), 654 So.2d 889, writ denied, 95-1615 (La. 11/3/95), 661 So.2d 985. On May 15, 1995, the appellant, Eldon Vail, filed a Motion and Order to appeal the original decision of June 20, 1994, which the trial judge granted.

\JSSUE ONE

We first note that the appellant had nothing to do "with creating the judgment that was declared null. Rather, the trial judge, acting sua sponte, substantively amended the original judgment. We further note that the appellant did file his appeal of the amended decision in a timely manner. Finally, we recognize that our decision in Caracci v. Williams, supra, at 891, vacated the June 27, 1994 judgment and reinstated the June 20, 1994 judgment. Therefore, we find that, under the peculiar circumstances of this case, this appeal of the original judgment of June 20,1994 is timely. Further, we deny the appellees request for additional attorney’s fees, costs, and sanctions.

ISSUE TWO

The appellant argues that the trial judge erred in finding the lease to be valid and enforceable. The appellant states that both consent and the particular identification of the thing leased are lacking. We disagree.
La.Civ.Code art. 805 states that “A co-owner may freely lease, alienate, or encumber his share of the thing held in indivisión. The consent of all the co-owners is required for the lease, alienation, or encumbrance of the entire thing held in indivisión.”
At the trial on the merits, Vincent Caracci testified that he had consented to the lease of the property in question and authorized Frank Caracci to sign his name. Further, the appellant’s attorney stipulated that Rosemary Caracci and Gloria Caracci would testify that they had consented to the lease of the property and given Frank Caracci the authority to sign their names to the lease. The Louisiana Civil Code does not require that the consent of co-owners be written in order to lease property. La.Civ.Code art. 805. We find all of the plaintiffs consented to the lease of the property.
|4The appellant claims the property was insufficiently described in the lease. We find this argument to be somewhat disingenuous considering the fact that the lease in question was recorded with the Conveyance Office of Jefferson Parish, approximately four days after the lease was signed. We find no merit in this assignment of error.

*1108
ISSUE THREE

The appellant next argues that the trial judge erred when he found him liable as a surety on the lease. The lease in question contained a surety clause. Also, it is noteworthy that the appellant, in Section E of his Pre-Trial Statement states “[ajlso, please note that Eldon Vail signed this lease merely as a surety.” Further, the trial judge stated “it’s obvious to me in reviewing P-1[3] that the intent of the parties, and particularly the lessees, Williams and Vail, were to sign this document individually and personally.... It’s the intent of the parties, and I so find, that there was a personal obligation by Williams and Vail.” This Court will not disturb a finding of fact by the trial court absent manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). Ergo, we find no merit in this assignment of error.

ISSUE FOUR

The appellant next argues that the trial judge erred in calculating the amount of damages awarded to the appellees. We find no merit to this argument. The trial judge, in his Reasons for Judgment, stated that, as a matter of fact, the defendants below had breached the lease and “as a result of this breach the plaintiffs are entitled to recover damages for the monthly rentals that accrued until plaintiffs were able to re-lease the property.” The judge awarded the appellees $42,000 in damages, plus attorney’s fees and costs.
_[g_The subsequent lease entered into by the appellees began in February 1993. The trial judge calculated the damages by multiplying the rental amount due, $6000 per month, by seven, the number of months that passed before the new lease took effect (July — February). We see that the subsequent lessors paid the appellees $12,000 in October 1992 when the lease was signed, half of which was to be attributed to the February 1993 rent. According to the lease, rent payments were scheduled to begin March 1, 1993. We find no error on the part of trial judge in his assessment of damages in this matter.

ISSUE FIVE

Finally, the appellant argues that the trial judge erred in declining to issue a Writ of Attachment compelling the appearance of a defense witness. We find no merit in this claim.
Based on the above discussion, we affirm the trial court’s judgment. All costs of this appeal are to be against the appellant.

AFFIRMED.

. Jack Williams and Eldon Vail filed the appropriate papers creating Dominick’s Entertainment, Inc. on April 9, 1992, one day prior to signing the lease with the Caraccis.

. The lease was for five years beginning July 1, 1994. However, the plaintiffs were allowing the defendants to work on and prepare the site rent-free from mid-April until July.

. P-l is the lease as entered into evidence by the plaintiffs.