678 So.2d 595 (1996)
Darren M. WALLACE,
v.
Teal NATHAN, et al.
No. 96-CA-119.
Court of Appeal of Louisiana, Fifth Circuit.
July 30, 1996.
*596 Wanda Anderson Davis, Law Offices of Ronald L. Ronzello, Metairie, for Appellants/Defendants Temlaco, Inc. And The Fidelity and Casualty Company of New York.
William H. Syll, Jr., New Orleans, for Defendant in Intervention/Appellee National Union Fire Insurance Company.
Before BOWES, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
Intervenors, The Fidelity and Casualty Company of New York and Temlaco, Inc., appeal a judgment that granted the defendant's, National Union Fire Insurance Company, exception of no right of action. For the following reasons, we reverse and remand.

FACTS/PROCEDURAL HISTORY
The intervenor Temlaco, Inc. ("Temlaco") employed Darren Wallace ("Wallace") as a garbage collector. On February 2, 1989, Wallace was injured while in the course and scope of his employment when, while emptying trash into a truck owned and operated by Browning-Ferris Industries ("BFI"), he was struck from behind by a car driven by Teal Nathan ("Nathan"). Wallace, who was pinned between the garbage truck and Nathan's car, suffered severe leg and ankle injuries.
Based on his work-related accident, Wallace collected $265,452.89 in worker's compensation benefits from Temlaco through its insurer, The Fidelity and Casualty Company of New York ("Fidelity"). In addition, on January 29, 1990, Wallace filed a petition for damages in the 24th Judicial District Court for the Parish of Jefferson, naming as defendants Nathan, BFI, Nathan's insurer, identified in the petition as ABC Insurance Company, and BFI's uninsured motorists *597 carrier, identified in the petition as XYZ Insurance Company. Temlaco and Fidelity intervened in the action, seeking to recover damages from the defendants equal to the amount of compensation benefits that had been paid to Wallace due to the accident.
Subsequently, on January 16, 1991, Wallace filed suit in the Civil District Court for the Parish of Orleans for damages arising out of the same accident that was the basis of the Jefferson Parish suit. BFI's uninsured motorists carrier was named as a defendant in the Orleans Parish suit. However, unlike the petition filed in the 24th Judicial District Court, the Orleans petition identified BFI's uninsured motorists carrier as National Union Fire Insurance Company ("National Union"), rather than XYZ Insurance Company.
Temlaco and Fidelity failed to intervene in the Orleans Parish suit.[1] Wallace eventually settled with National Union, receiving $4,575,000. As a result of the settlement, Wallace dismissed both of his lawsuits. However, pursuant to La.C.C.P. art. 1039, the dismissal of the principal demand in the 24th Judicial District Court had no affect on the intervention filed by Temlaco and Fidelity. Therefore, the intervention remained pending.
On March 28, 1995, Temlaco and Fidelity amended their petition of intervention to state the actual name of BFI's uninsured motorists carrier, National Union Fire Insurance Company, in place of XYZ Insurance Company. National Union responded with an exception of no right of action. On August 23, 1995, the trial court granted National Union's exception, thereby dismissing the petition of intervention. From this judgment, Temlaco and Fidelity have appealed.

DISCUSSION
We begin by noting that the exception of no right of action is "designed to test whether the plaintiff has a real and actual interest in the action." Ferguson v. Dirks, 95-560 (La.App. 5th Cir. 11/28/95), 665 So.2d 585, 587. That is, an exception of no right of action determines "whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged." Id. Pursuant to La.R.S. 23:1101, an employer or its insurer may bring suit against a third party to recover any amount which the employer or insurer has paid in compensation to an injured employee, provided that the third party is liable in whole or in part for the damages suffered by the employee. In this case, the respective employer and insurer, Temlaco and Fidelity, paid compensation benefits to Wallace totaling $265,452.89. National Union, as BFI's uninsured motorists carrier, is a third party that is liable for at least part of the damages suffered by the employee Wallace. Thus, based on La.R.S. 23:1101, Temlaco and Fidelity are permitted to maintain a suit against National Union. Accordingly, the trial court erred in sustaining National Union's exception of no right of action.
However, this is not the end of our inquiry. Pursuant to La.C.C.P. art. 865, we are required to construe every pleading as to do substantial justice. See Williams v. Mumphrey, 95-643 (La.App. 5th Cir. 1/30/96), 668 So.2d 1274, 1276, writ not considered, 96-569 (La. 3/29/96), 670 So.2d 1240. In its exception, National Union challenged the right of the intervenors to replace XYZ Insurance Company with National Union in the petition of intervention, after the principal demand had been dismissed. This argument is more properly addressed in the context of a rule to show cause as to whether the intervenors should be allowed to amend their petition and will be treated as such by this court.
*598 From our research, it appears that the issue presented in this case is res nova. The Code of Civil Procedure provides some general guidance but there are no articles found therein that are dispositive of the issue. Temlaco and Fidelity's intervention is authorized by La.C.C.P. art. 1091. This article allows a third party to intervene in a pending action to enforce a right related to or connected with the object of the pending action in the following three situations: by joining with the plaintiff in demanding the same or similar relief against the defendant; by uniting with the defendant in resisting the plaintiff's demand; or by opposing both the plaintiff and the defendant. Obviously, the first scenario is applicable in this case in that Temlaco and Fidelity joined with the plaintiff Wallace to demand similar relief from the defendant National Union.
As mentioned above, La.C.C.P. art. 1091, the general intervention article, only allows an intervenor to join with the plaintiff, join with the defendant, or oppose both. That is, the article does not allow an intervenor to add new parties to the suit by way of the intervention. See Central Progressive Bank v. Bradley, 496 So.2d 525, 528-29 (La. App. 1st Cir.1986), reversed on other grounds, 502 So.2d 1017 (La.1987); La. C.C.P. art. 1094 (intervenor takes proceedings as he finds them). National Union argues that it was not a party to the Jefferson Parish suit because the named defendant was XYZ Insurance Company. Thus, National Union asserts that the intervenors, Temlaco and Fidelity, are attempting to add a new defendant to the suit, in contravention of La.C.C.P. art. 1091.
Temlaco and Fidelity, on the other hand, argue that they are merely seeking to amend and supplement their petition of intervention to state the proper name of BFI's uninsured motorists carrier, National Union, rather than XYZ Insurance Company. La.C.C.P. art. 1151 allows for the amendment of a petition without leave of the court at any time before the answer is served or by leave of the court if the answer has been served. La.C.C.P. art. 1153 states that an amendment to a petition relates back to the date of the filing of the original pleading when the amendment arises out of the conduct, transaction, or occurrence set forth in the original pleading. Further, La.C.C.P. art. 1156 states that amendments to a petition in an incidental action, such as an intervention, are allowed as provided in La.C.C.P. art. 1151. Based on the foregoing, there is authority for Temlaco and Fidelity to amend their petition of intervention. The question is whether identifying National Union as BFI's uninsured motorists carrier in the petition of intervention amounts to an amendment, which is permissible, or the addition of a new defendant, which is not.
After reviewing the arguments of both sides, we conclude that Temlaco and Fidelity are attempting to amend their petition to state the proper name of BFI's uninsured motorists carrier, rather than adding a new defendant. Wallace's petition in the 24th Judicial District Court named as a defendant the uninsured motorists carrier of BFI. The insurer is identified in the petition as XYZ Insurance Company but is in fact National Union. The petition of intervention filed by Temlaco and Fidelity adopted all of the allegations of Wallace's petition. Therefore, National Union was a defendant, although not identified by name, in the original suit and intervention. There remains a question, however, as to whether the intervenors should be allowed to amend their petition under these circumstances, where the principal demand has been dismissed.
As the law is unsettled on this question, we will look to a similar situation, namely where a party seeks to have an amendment to a petition relate back. The jurisprudence has established a four part test to determine whether an amendment to change the name of a party relates back to the date of the filing of the original pleading pursuant to La.C.C.P. art. 1153. In Ray v. Alexandria Mall, 434 So.2d 1083, 1086-87 (La.1983), the Louisiana Supreme Court held that an amendment does relate back to the date of the filing of the original pleading provided that:
(1) the amended claim must arise out of the same transaction or occurrence set forth in the original pleading;

*599 (2) the purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) the purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) the purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would otherwise have prescribed.
We note that Ray is not directly on point with the instant case because the question here is simply whether the intervenors should be allowed to amend their petition, not whether the amendment relates back to the date of the filing of the original pleading. Thus, all of the Ray factors are not relevant in deciding this case. Instead, we find that only the second Ray factor is significant in this situation, namely whether National Union had notice of the suit so that it would not be prejudiced in maintaining a defense on the merits.
Under the unique circumstances presented here, we find that allowing Temlaco and Fidelity to amend their petition of intervention to identify National Union does not unfairly prejudice the defendant. If the initial suit filed by Wallace in the 24th Judicial District Court is viewed in isolation, then National Union has a plausible argument that it is prejudiced in maintaining a defense on the merits because it had no notice of the suit. However, the crucial fact is that Wallace filed virtually identical suits in both Jefferson Parish and Orleans Parish. National Union was named as a defendant in the Orleans suit and thus was aware that Wallace had been injured in a work-related accident. Therefore, National Union had notice that Wallace had potentially received worker's compensation benefits, thereby opening it up to liability to Wallace's employer pursuant to La.R.S. 23:1101. This is precisely the claim being made by Temlaco and Fidelity in the intervention. In short, based on its involvement in the Orleans Parish suit, we conclude that National Union had sufficient notice of the merits of the intervention so that it is not prejudiced by the amendment of the petition. Accordingly, the trial court erred in maintaining National Union's exception and dismissing the intervention.
Based on the foregoing, the judgment appealed from is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] There is a dispute as to whether Temlaco and Fidelity had notice of the Orleans suit as required by La.R.S. 23:1102(A). Temlaco and Fidelity allege that they did not receive notice of the suit; National Union argues that the intervenors did receive notice. National Union attached documents to its brief to this court which purportedly show that Temlaco and Fidelity did receive notice of the Orleans suit. However, as National Union acknowledges in its brief, we are precluded from reviewing the attachments because they are not included in the appellate record. See La.C.C.P. art. 2164; Tranum v. Hebert, 581 So.2d 1023 (La.App. 1st Cir.), writ denied, 584 So.2d 1169 (La.1991). Of course, the record before us deals only with the Jefferson Parish suit. As would be expected, then, the record does not reveal whether or not Temlaco and Fidelity received notice of the Orleans suit.