681 So.2d 961 (1996)
Isadora Lynn SMITH, Individually and on behalf of the Minor, Elka Claire Smith
v.
SUCCESSION OF Warren B. TRATTLER and State Farm Fire and Casualty Company.
No. 96-CA-225.
Court of Appeal of Louisiana, Fifth Circuit.
September 18, 1996.
*962 Marianne S. Pensa Thomas, Hayes and Buckley, L.L.P., New Orleans, Thomas G. Buck, Blue Williams, L.L.P., Metairie, for Defendant/Appellee.
Jerald L. Album, Suzanne M. Ganucheau, Abbott, Simses, Album, Knister and Baynham, New Orleans, for Plaintiffs/Appellants.
Before Judges CANNELLA and DALEY, JJ., and RICHARD J. GARVEY, J. Pro Tem.
RICHARD J. GARVEY, Judge Pro Tem.
This is an appeal by the plaintiffs from dismissal of their suit on a peremptory exception of no cause of action.
The facts as related by the parties in the pleadings are as follows. On January 15, 1994, plaintiffs, Isadora Smith and her minor daughter, Elka Smith, accompanied Warren Trattler, a friend and employer of Ms. Smith, on a day trip. During this trip, the three stopped to engage in "target practice" with guns in their possession. After some shots were fired, Ms. Smith and Elka waited for Trattler to reload his gun. Instead, Trattler put his gun, which was still loaded, into his mouth and pulled the trigger. Trattler died at the scene. Following the suicide, Ms. Smith and her daughter began receiving counseling and filed a lawsuit[1] seeking to recover for the mental anguish and emotional distress suffered from witnessing the suicide. The defendants sued were the Succession of Warren Trattler, the decedent, and State Farm Fire and Casualty Company, (State Farm) Trattler's liability insurer.
Defendants filed separate exceptions of no cause of action. After argument, the trial judge took the matter under advisement. On November 16, 1995, the trial judge rendered judgment granting State Farm's exception. On January 22, 1996, plaintiffs filed a motion for a devolutive appeal from that judgment. The trial court granted the appeal on the same day. On February 27, 1996, the trial judge signed an "Amended Judgment" which stated a clerical error in the original judgment (inadvertently omitting the Succession of Warren Trattler as a defendant) was being corrected. Both defendants have filed briefs responding to plaintiffs' appeal.
We begin by discussing a procedural matter. Defendants' exceptions were labeled "no cause of action." The exception raising the objection of no cause of action questions "whether the law extends a remedy to anyone under the factual allegations of the petition." Williams v. Mumphrey, 95-643 (La. App. 5 Cir. 1/30/96), 668 So.2d 1274, writ not considered, 96-0569 (La. 3/29/96), 670 So.2d 1240; Louisiana Paddlewheels v. Louisiana *963 Riverboat Gaming Comm'n, 94-2015 (La. 11/30/94), 646 So.2d 885, 888 n. 3; Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (La.1972). The exception of no right of action, on the other hand, tests whether the plaintiff has a "real and actual interest" in the suit. Id. That is, an exception of no right of action determines "whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged." Ferguson v. Dirks, 95-560 (La.App. 5 Cir. 11/28/95), 665 So.2d 585; Zar v. Gaudet, 94-533 (La.App. 5 Cir. 12/14/94), 648 So.2d 1012, 1013. See LSA-C.C.P. art. 927(4), (5). The distinction between the two exceptions is important because La. C.C.P. art. 931 permits the introduction of evidence to support or controvert an exception of no right of action, but does not permit the introduction of evidence to support or controvert an exception of no cause of action.
From reviewing the defendants' exceptions and brief, it is clear that the defendants challenge the plaintiffs' right to bring this action, in addition to opposing the existence of a cause of action for emotional distress resulting from a breach of duty owed by the decedent. Thus, the defendants' exceptions should have been labeled one of no right of action in addition to no cause of action. Pursuant to La. C.C.P. art. 865, we are authorized to construe every pleading so as to do substantial justice. See Williams v. Mumphrey, Id. at 1276. Therefore, we will address the defendants' exception as one also raising the objection of no right of action.
As to the merits, plaintiffs contend that they were not seeking to recover as a result of merely witnessing injury to another. Rather, they contend that their damages were caused directly by the decedent's negligence and not the result of injury to the decedent by a third party. Thus, they argue that recovery is allowed under general tort principles as provided for in La. C.C. art. 2315. They further contend that La. C.C. art. 2315.6, which limits recovery for emotional distress to certain classes of persons, is inapplicable to this case.
Despite plaintiffs' argument, the pleadings indicate that the alleged cause of action by the plaintiffs is based on the mental distress suffered upon witnessing the shooting and death of Warren Trattler. It is not important here whether the damages were the result of an act of suicide or of a third person. Plaintiffs have not pleaded facts which indicate that they were involved in an event or accident which caused the injury and death of Trattler. Rather, plaintiffs' recovery is pursuant to La. C.C. art. 2315.6, which recognizes a cause of action based upon the so-called "bystander recovery rule". Dufour v. Westlawn Cemeteries Inc., 94-81 (La.App. 5 Cir. 6/28/94), 639 So.2d 843, 846. Under this particular theory, the plaintiffs have stated a valid cause of action. However, the question is whether the plaintiffs belong to one of the particular classes allowed to bring a claim pursuant to La. C.C. art. 2315.6.
That article provides as follows:
A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury:
(1) The spouse, child or children, and grandchild or grandchildren of the injured person, or either the spouse, the child or children, or the grandchild or grandchildren of the injured person.
(2) The father and mother of the injured person, or either of them.
(3) The brothers and sisters of the injured person or any of them.
(4) The grandfather and grandmother of the injured person, or either of them.
B. To recover for mental anguish or emotional distress under this Article, the injured person must suffer such harm that one can reasonably expect a person in the claimant's position to suffer serious mental anguish or emotional distress from the experience, and the claimant's mental anguish or emotional distress must be severe, debilitating, and foreseeable. Damages suffered as a result of mental anguish or emotional distress for injury to another *964 shall be recovered only in accordance with this Article.
La. C.C. art. 2315.6 is a codification of the Supreme Court's decision in Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La. 1990). In Lejeune, the Court overruled a long line of jurisprudence and allowed a party to bring an action for mental anguish caused by injury to another person.[2] The party allowed to bring the action in Lejeune was a widow who suffered emotional distress upon discovering that her husband had been bitten by rats while hospitalized in a coma. Id. at 561. Although the Court recognized a cause of action for emotional distress caused by injury to another, it did not define the permissible class of claimants. Id. at 570. When it adopted La. C.C. art. 2315.6, the legislature chose to limit the permissible class of claimants to close relatives of the person suffering the direct injury.
Plaintiffs, as a friend and friend's daughter, clearly do not belong to any of the classes permitted by La. C.C. art. 2315.6 to recover for mental anguish caused by viewing another person suffer an injury and death. Thus, because plaintiffs do not have a right of action, the November 16, 1995, judgment of the trial court granting State Farm's exception was correct.

VALIDITY OF THE AMENDED JUDGMENT
We note a matter raised by plaintiffs. After plaintiffs appealed, the trial judge substantively amended the original judgment, without a motion for new trial, to grant the exception of defendant, the Succession of Warren Trattler.
La. C.C. P. art. 1951 provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
Changing the name of a party cast in the judgment is a change of substance and not of phraseology; as such, although the error is obvious, it cannot be accomplished by ex parte motion, but may properly be done contradictorily. Teague v. Barnes, (La. App. 5 Cir.1988) 519 So.2d 817, 821; Mitchell v. Zeringue, (La.App. 5 Cir.1986) 497 So.2d 19. That is, the change may be sought either by motion for new trial or by appeal. Herein, the change is more substantive; rather than changing the name of a party, an additional party is cast in the judgment.
The usual remedy of the appellate court in such a case is to vacate the absolutely null amended judgment and reinstate the original judgment. See Caracci v. Williams, 95-16, (La.App. 5 Cir. 5/10/95) 654 So.2d 889, 891, writ denied, 95-1615 (La. 11/3/95), 661 So.2d 985; Schexnayder v. Schexnayder, 503 So.2d 104 (La.App. 5 Cir.1987), writ denied, 506 So.2d 1228 (La.1987). However, according to La. C.C.P. art. 2164, "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." Additionally, the appellate court, on its own motion, may notice a peremptory exception of no cause of action or no right or interest in the plaintiff to institute the suit. See La. C.C.P. art. 927 B. Thus, in order to avoid piecemeal appeals, we deem it just, legal and proper not only to vacate the amended judgment and reinstate the original judgment, but to notice the peremptory exception of no cause of action and no right of action on behalf of defendant, the Succession of Warren Trattler, and to grant that exception.
Thus, the February 27, 1996, judgment is vacated and set aside and the November 16, 1995, judgment is affirmed. We also render judgment granting the peremptory exception of defendant, the Succession of Warren Trattler, against plaintiffs, Isadora Lynn Smith, Individually and on behalf of her minor child, Elka Claire Smith.
*965 JUDGMENT OF FEBRUARY 27, 1996, VACATED AND SET ASIDE; JUDGMENT OF NOVEMBER 16, 1995, AFFIRMED. JUDGMENT RENDERED GRANTING PEREMPTORY EXCEPTION OF DEFENDANT, THE SUCCESSION OF WARREN TRATTLER.
NOTES
[1] Ms. Smith sued on behalf of herself and in her capacity as tutrix of her minor child, Elka.
[2] In Black v. Carrollton Railroad Co., 10 La. Ann. 33 (La.1855), the Supreme Court held that damages for mental anguish sustained by a person not directly injured, but who instead witnessed another person suffer an injury, were not compensable. Black was overruled by Lejeune v. Rayne Branch Hosp., 556 So.2d 559 (La.1990). Subsequent cases upheld this prohibition, although prior to Lejeune the Court had not addressed the issue since 1917. See Sperier v. Ott, 116 La. 1087, 41 So. 323 (La.1906); Kaufman v. Clark, 141 La. 316, 75 So. 65 (La.1917).