717 So.2d 1257 (1998)
Matthew TROSCLAIR, et al.
v.
MATRANA'S PRODUCE, INC.
Nos. 98-CA-195, 98-CA-196.
Court of Appeal of Louisiana, Fifth Circuit.
August 25, 1998.
*1258 Suzette Peychaud-Bagneris, Fine & Associates, New Orleans, for plaintiffs-appellants.
Melvin Ripp, Jr., Gretna, for defendant-appellee.
Before CANNELLA and DALEY, JJ., and MURPHY, J. Pro Tem.
ROBERT M. MURPHY, Judge Pro Tem.
Matthew Trosclair (Trosclair), appeals from a judgment of the trial court which maintained Matrana's Produce, Inc.'s (Matrana) exception of no cause of action and dismissed his claims. For the reasons that follow, we reverse and remand for further proceedings.
On May 29, 1996, Trosclair filed a petition naming Matrana as a defendant. In the petition, Trosclair alleged that Matrana was operating a produce business across the street from his residence and that the business was emanating noise. Trosclair further alleged that such noise constituted a nuisance and he sought damages pursuant to LSA-C.C. arts. 667-669. On June 17, 1996, Matrana filed several exceptions including an exception of no cause of action. In the exception, Matrana argued that Trosclair failed to state a cause of action because he was precluded from "complain[ing] of this agricultural enterprise which pre-dates his ownership." On that same date, Matrana also filed a petition for malicious prosecution naming Trosclair as the defendant and the suits were consolidated in January of 1997. On October 20, 1997, Trosclair filed an amended and supplemental petition adding the City of Westwego as a defendant and requesting certification as a class action.[1] Additionally, Trosclair added allegations of wrongdoing and asserted claims of strict liability and negligence as follows:
Amended Paragraph 7
On or about 1987 Matrana's began to operate a produce business across the street from named plaintiff Mr. Trosclair's residence and in the heart of a residential neighborhood. Over the years, Matrana expanded its physical plant and the volume of its business. In so doing, Matrana encroached upon its neighbors' properties; violated many local and state laws regarding the utilization of 18-wheelers and other heavy equipment upon certain city streets; violated the local noise ordinances by conducting its business operations in such a way as to produce noise in such an excessive, unreasonable degree as to cause actual physical discomfort and annoyance to persons of ordinary sensibilities; violated the weigh[t] limits for the city streets; failed to obtain proper permits for building additions; failed to notify the community's residents of intentions to expand business operations; failed to obtain permits to unload produce trucks on Laroussini Street; violated the laws regarding operation of refrigeration units within 300 feet of a residential development; released into the atmosphere stinking, obnoxious, nauseating, repugnant fumes and odors which had been carried by the wind into the residences of the community members causing them to become ill, uncomfortable, and miserable; and other violations of local and state laws to be proven at trial that constitute negligence per se, strict liability, and negligence.
On January 20, 1998, the trial court rendered judgment maintaining Matrana's exception of no cause of action, and it is from this judgment that Trosclair appeals.
On appeal, Trosclair contends that the trial court erred in maintaining the exception. In support of this contention, Trosclair argues that assuming the facts alleged in the petition as true, LSA-R.S. 3:3603 does not bar him from bringing a lawsuit against Matrana.
The exception raising the objection of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. The exception of no right of action, on the other hand, tests whether the plaintiff has a real and actual interest in the suit. That is, an exception of no right of action determines whether the plaintiff belongs to the particular harm alleged. *1259 Smith v. Trattler, 96-225 (La.App. 5 Cir. 9/18/96), 681 So.2d 961.
In maintaining the exception, the trial court found that Trosclair's allegations in his petitions stated a cause of action in nuisance; however the court concluded that LSA-R.S. 3:3603(B) precluded Trosclair's from bringing a cause of action in nuisance against Matrana, an agricultural operation.
LSA-R.S. 3:3603(B) provides as follows:
No agricultural operation shall be deemed to be a nuisance in any action brought under the provisions of Civil Code Article 669, R.S. 33:401, R.S. 40:14, or any other grant of authority authorizing the suppression or regulation of public or private nuisances if:
(1) The agricultural operation is conducted in accordance with generally accepted agricultural practices; and
(2) Either:
(a) The person bringing the action acquired the interest in the land or improvements alleged to be affected by the nuisance after the date on which an agricultural operation was in existence; or
(b) The agricultural operation was established prior to any change in the character of the property in the vicinity of the agricultural operation.
Although LSA-R.S. 3:3603 may preclude this suit, and in fact the defendant's business might well be "an agricultural operation conducted in accordance with generally accepted agricultural practices," we find those to be issues which must be determined by the trier of fact. Therefore, the trial court erred in maintaining the exception.
In summary, we express no opinion as to the merits of Trosclair's suit. Instead, we hold that he made sufficient allegations in his petition to defeat Matrana's exception. Accordingly, the judgment is reversed and the case is remanded for further proceeding consistent with this opinion.
REVERSED AND REMANDED.
DALEY, J., concurs with reasons.
DALEY, Judge, concurring with reasons:
I concur with the holding reached by the majority, however I feel the case should be reversed and remanded for different reasons.
Louisiana Revised Statute 3:3603(B) provides a legal defense to a nuisance claim made against an agricultural operation when the operation is conducted in accordance with generally accepted agricultural practices by a persons who acquired the interest in the land alleged to be affected by the nuisance after the date on which an agricultural operation was in existence. The petition in this case alleges that plaintiff, Matthew Trosclair has resided on the adjacent property for 24 years and Matrana's Produce, Inc. has been operating at the current location since 1987, or for 11 years. Clearly the defense afforded to an agricultural operation by R.S. 3:3603 is to prevent claims by individuals who acquire property adjacent to an agricultural operation after the agricultural operation is in existence. However, R.S. 3:3603 does not prevent a pre-existing occupant from bringing an action in nuisance against an agricultural operation which came into existence after the petitioner occupied the adjacent property. Accordingly, I would reverse and remand on this basis.
NOTES
[1] Subsequently, Trosclair moved for dismissal of the City of Westwego without prejudice, and on December 10, 1997, the trial court signed the order of dismissal.